**LEA v. PATERSON SAV. INST. et al.**

No. 10994.

Circuit Court of Appeals, Fifth Circuit.

June 13, 1944.

Joseph P. Lea, Jr., of Orlando, Fla., for appellant.

Stuart B. Warren, of St. Petersburg, Fla., and Cyril E. Pogue, of Clearwater, Fla., for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Filed in a municipal bankruptcy proceeding, Re: Town of Belleair, Florida, after the approval of a plan of composition which contained no provision for such fees, the petition, filed on his own behalf by an attorney for objecting creditors, sought to have counsel fees allowed him. The claim in general [1] was that through his activities as attorney for objecting creditors, the plan as finally approved was more favorable to all of the creditors, and each, having accepted its benefits, is liable to him for a fee measured by a reasonable portion of the benefits received.

---

[1] As detailed, the claim was that, because of his efforts as attorney for objecting creditors, at first Ed C. Wright & Co., later Groves, Wainscott & Meredith, the first plan offering $171,600.00 in new refunding bonds was rejected, and the finally accepted plan offering $360,546.13 was approved, with a total increase to all creditors of $188,946.13; that of this increased amount, the creditors represented by him benefited to the extent of $35,710.82, the other creditors to the extent of $153,235.31; that he had been fully paid by his clients for the benefits accruing to them, and that from the other creditors who had paid him nothing he was entitled to a fee of $30,000.00 in cash or $35,000.00 in bonds to be paid by each in proportion to the benefits each received.

Of the clients petitioner had represented, Groves, Wainscott & Meredith neither appeared nor otherwise took a position on the petition, but Ed C. Wright, who, since petitioner had ceased to represent him in the bankruptcy proceedings, had become a large holder of the bonds of the town and of property in it, vigorously opposed the allowance, and moved to dismiss the petition as without legal basis. Other creditors took the same position. The District Judge, of the opinion as stated in the order,[2] that the petition was without merit, ordered it denied.

Petitioner is here insisting that the petition was not denied upon its merits but upon the erroneous view that the court was without power to entertain it, and because it was, the judgment should be reversed and the cause remanded with directions to the District Judge to consider the petition on its merits and determine what allowance, if any, should justly be made.

Appellees, on their part, pointing out that the petition was filed only after the plan had been approved with no provision in it for counsel fees to petitioner, and that it does not ask counsel fees for "services rendered and expenses incurred in obtaining the deposit of securities and the preparation of the plan", urge upon us that, viewed as invoking bankruptcy powers, it is wholly insufficient, for it not only comes too late but asks for allowances not authorized by the act. Further, pointing to the terms of the order "It is thereupon Ordered, Adjudged and Decreed, that the application be, and the same is hereby, denied", and to the facts alleged in the petition and shown of record, they urge upon us that if the petition be regarded as invoking equity jurisdiction, it was denied on its merits, and rightly denied, and the order appealed from must be affirmed.

We agree with appellees. Though bankruptcy proceedings, including those for composition, are in their administration ruled by equitable considerations, Roberts v. Board of Public Instruction, 5 Cir., 117 F.2d 943, the proceedings are statutory and when, as here, one invokes bankruptcy powers, warrant for the action sought must be found in the statute. Here the only statutory provision dealing with allowances is Sec. 403(b), Title 11 U.S.C.A. It specifically prescribes the nature of compensation allowances which will be made and the manner of their making. Its provisions[3] make it clear both that the power to allow compensation is limited to specific services in connection with the plan and that these allowances must be made in connection with, and as a part of, its approval. Indeed it would be difficult to make clearer than the statute has made it the nature of the allowances which can be made in composition proceedings, that they must all be included in the plan, and that none can be made unless they are so included. Part of a statutory scheme for the relief of municipalities by obtaining consents to, and approval of, a plan proposed by it for readjustment of the debts to its ability to pay, nothing in it authorizes a claim for attorney's fees, as here, for services rendered by an attorney for one of the creditors in contesting the approval of the plan. What, and all that, the statute

---

[2] "This cause coming on to be heard on March 6, 1944, on the sworn application of Joseph P. Lea, Jr. for allowances of attorney fees, at which time there were present Cyril Poge, Esq., representing T. R. Palmer, and Paterson Savings Institution, Executor of the Estate of Garret A. Hobart, and Stuart B. Warren, Esq., representing Ed. C. Wright, both of whom filed motions to strike the petition, and the Court having considered the matter and being of the opinion that it has no power and authority under the Municipal Bankruptcy Act, 11 U.S.C.A. §§ 401–403, to make any such allowance, and that the Court, as a bankruptcy court, has no power under general principles of equity to make such allowance * * *."

[3] "At the hearing, or a continuance thereof the judge may * * * allow reasonable compensation for * * * and the actual and necessary expenses in connection with the proceeding, including compensation for services rendered and expenses incurred in obtaining the deposit of securities and the preparation of the plan, whether such work may have been done by the petitioner or by committees or other representatives of creditors, and may allow reasonable compensation for the attorneys or agents of any of the foregoing: Provided, however, That no fees, compensation, reimbursement, or other allowances for attorneys, agents, committees, or other representatives of creditors shall be assessed against the petitioner or paid from any revenues, property, or funds of the petitioner except in the manner and in such sums, if any, as may be provided for in the plan of composition."

permits is an allowance for services rendered and expenses incurred in obtaining the deposit of securities and the preparation of the plan. Part of a harmonious statutory scheme effectuated only through a plan, nothing in it authorizes the filing of the petition after, and independent of, the approval of the plan. The reason for this is plain. Persons induced to agree to a composition are entitled to know what that agreement will bring them. They may not be drawn into an agreement for composition, as they were here, and then have its results whittled away by charges and claims not within their contemplation when they approved the plan. Composition proceedings are instituted for, they look to, they end in, a plan of composition or the complete failure of the plan. They do not form the basis for claims or charges not embodied in or reasonably related to the plan. Cf. Leco Properties v. R. E. Crummer & Co., 5 Cir., 128 F.2d 110, Ware v. R. E. Crummer & Co., 5 Cir., 128 F.2d 114.

The district judge was right then in his view that the allowance prayed for was not warranted under the provisions of the municipal bankruptcy act, and should, therefore, be denied. He was right, too, in the further view he took that, under the facts as alleged and shown of record, bankruptcy powers aside, the allowance sought was not authorized under general principles of equity.

Appellant is correct in his contention that the rule announced in Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157, and the host of cases following it down to and including Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184, that "A party who recovers a fund for the common benefit of creditors is entitled to have his costs and expenses paid out of the fund" [105 U.S. 534, 26 L. Ed. 1157], though usually given effect upon the application of the party, may be applied in proper cases upon the petition of the attorney. But it is only so applied when the circumstances are such as that parties sought to be held liable for fees can be said to have either expressly or impliedly accepted the attorneyship and its benefits.[4] It may be conceded, too, that

while normally a mere incidental advantage resulting to a fund by reason of adverse litigation furnishes no basis for charging the attorney's fees of one of the parties against the fund, Huff v. Bidwell, 5 Cir., 195 F. 430; Standard Lumber Co. v. Interstate Trust Co., 82 F.2d 346, 350; exceptional cases may arise in which though persons are adversary parties and each is represented by counsel of his own choosing, one of the parties or his attorney may be allowed attorney's fees payable by his adversaries. But this is only in exceptional cases where the activities have resulted in a benefit to a common fund or class, and these benefits have been accepted by the members of the class under circumstances supporting a finding of express or implied consent to the representation. The general rule, however, is the other way,[5] and the facts set out in the petition and shown of record here make it quite clear that this case falls under the rule, not under the exception. Every element ordinarily present in a proper case for the allowance of attorney's fees is absent from this one. No fund has been preserved or created. The evidence affords no basis for a finding, of the express or implied acceptance of representation, or of clearly shown benefits. On the contrary, dominating the controversy this proceeding has aroused is the question of where the true interests of the consenting creditors lay; that is, whether they would be more benefited as property holders by cutting down the amount of refunding bonds to be issued or as bondholders by raising that amount. So acute and bitter was this controversy in its first stages that it caused a complete rejection of the first plan, Town of Belleair v. Groves, 5 Cir., 132 F.2d 542. In its second stage it dominated the proceedings in connection with the plan finally adopted, and caused an inquiry to be pressed as to how much petitioner's clients had paid for their bonds as compared to prices paid by consenting bondholders for theirs. It finally resulted in the adoption by consent, of a plan placing property and non property owning bondholders on the same footing, on the theory that, though the consenting property owning bondholders were interested both as taxpayers and taxpayees,

---

[4] Central Railroad & Banking Co. v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915; Clarke v. Hot Springs Elec. Co., 10 Cir., 76 F.2d 918; Colley v. Wolcott, 8 Cir., 187 F. 595; Wallace v. Fisk, 80 F.2d 897, 107 A.L.R. 726;

Nolte v. Hudson Nav. Co., 2 Cir., 47 F. 2d 166.

[5] Nolte v. Hudson Nav. Co., supra; Fletcher v. Coomes, 52 App.D.C. 159, 285 F. 893; Howard v. Carmichael, 237 Ky. 462, 35 S.W.2d 852.

they had paid more for their bonds than the objecting creditors had for theirs and they would not, therefore, be discriminatorily favored by a plan classifying all bondholders alike. This melee, this long drawn out fight, this knock down and drag out fight, has none of the aspects of a class suit. The claim that its progress or result has afforded any basis for a finding that the consenting creditors who were locked in a death struggle with petitioner, were also consenting to representation by him, or that they have received such benefits from this long drawn out fight, that, though having counsel of their own, they must pay those who forced the fight on them and have carried it on so relentlessly, is wholly without foundation. That no one shall enrich himself at the expense of another is a good principle. To apply it here would, under the undisputed facts, be to run a good principle into the ground.

The judgment was right. It is affirmed.