Omer E. KEEL, Appellant,

v.

GREENVILLE MID-STREAM SERVICE, INC. and the M/V ARK CITY, her engines, tackle, etc., Appellees.

No. 19637.

United States Court of Appeals
Fifth Circuit.

Aug. 8, 1963.

Dwight Roberts, Kansas City, Mo., Douglas C. Wynn, Greenville, Miss., Homer R. Hines, Kansas City, Mo., for appellant.

W. C. Keady, Fred C. DeLong, Jr., Greenville, Miss., Charles E. Lugenbuhl, New Orleans, La., for appellee.

Before PHILLIPS,* WISDOM and GEWIN, Circuit Judges.

PER CURIAM.

The libelant, Omer Keel, an experienced riverhand, went to work as a deckhand on the towboat, Ark City, in July 1959. The Ark City was a new vessel. The crew consisted of Keel and a pilot or "captain". August 19, 1959, while Keel was cleaning the starboard side of the vessel with soap and water, the captain told Keel to make coffee. He got the coffeepot and two cups from the pilot house and stepped onto the starboard landing. It was slick from soap and water Keel had just applied to it. He slipped and fell to the deck three feet below, landing on his seat. The captain saw him in that position and laughed. He asked Keel if he was hurt and needed a doctor. Keel said "No". Shortly after the fall, Keel left the employ of the shipowner.

The district court found that the Ark City was seaworthy in all respects, except for the landing or platform which was momentarily unseaworthy only by the act of Keel's cleaning it with detergent soap and water. We hold that the decision below was not "clearly erroneous" under McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed.2d 20. On the contrary, the record fully supports the district court's holding that since

"* * * all the negligence which caused the fall was the negligence of Keel, it necessarily follows that I must conclude as a matter of law that Keel is not entitled to recover on his count based, under general maritime law, on his claim of un-

---

* Of the Tenth Circuit sitting by designation.

seaworthiness, nor is he entitled to recover under his count based on the Jones Act and his claim of negligence on the part of the owner. The doctrine of comparative negligence is in full effect under both the Jones Act and general maritime law or admiralty and Keel is barred from recovery under either by reason of his own negligence, it being one hundred percent."

We hold also that the record supports the trial judge's finding that (1) Keel is not entitled to recover on his claim for cure and, (2) absent a showing that Keel's unemployment was caused by the fall on the Ark City, and since Keel voluntarily terminated his employment, thus ending the voyage, he is not entitled to recover for maintenance.

The judgment is affirmed.