**L. C. HAYNES, Appellant,**

v.

**REDERI A/S ALADDIN et al., Appellees.**

No. 22558.

United States Court of Appeals
Fifth Circuit.

June 16, 1966.

Rehearing Denied July 19, 1966.

Arthur J. Mandell, Mandell & Wright, Houston, Tex., for appellant.

Mayo J. Thompson, E. D. Vickery, Houston, Tex., Royston, Rayzor & Cook, Houston, Tex., of counsel, for appellee, Texas Employers' Ins. Assn.

Edward W. Watson and Eastham, Watson, Dale & Forney, Galveston, Tex., for appellee Rederi A/S Aladdin.

Before HUTCHESON and RIVES, Circuit Judges, and CHOATE, District Judge.

HUTCHESON, Circuit Judge.

This appeal is from a judgment in a third party action under Section 33, Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 933. L. C. Haynes brought this suit for injuries sustained while he was working aboard a vessel owned and operated by Rederi A/S Aladdin. Texas Employers' Insurance Association [TEIA] intervened, as the compensation insurer for Haynes' stevedore-employer, to recover compensation and medical benefit payments made by it to Haynes. The trial court, to whom the case was submitted without a jury, awarded damages to Haynes, but found him fifty per cent contributorily negligent and thus reduced the damages by one-half, and ordered that TEIA be reimbursed in full from the resulting fund.[1] We affirm.

The facts, neither complicated nor confusing, may be briefly capsulated. Haynes was injured on January 17, 1957, while performing services as a gang foreman of longshoremen loading Rederi's ship. Haynes slipped and fell on oil or grease dropped on the deck of the vessel a short time before the mishap.[2] At the time of the accident Haynes was 67 years old. The stevedore for whom Haynes worked carried compensation insurance with TEIA. Upon notification of the accident, TEIA began making compensation payments to Haynes, which continued until the filing of the third party action, at which time they totalled $6,892.25.

On January 15, 1959, Haynes instituted this third party action against Rederi alleging that his injuries were proximately caused by the unseaworthiness of the vessel and by the negligence of Rederi in permitting oil or grease on the deck. Rederi denied liability and asserted that Haynes was contributorily negligent in failing to watch where he was stepping at the time of his fall. TEIA intervened, seeking reimbursement from any recovery granted Haynes.

The case went to trial on October 24, 1961. The trial court concluded that at the time of Haynes' fall the vessel was unseaworthy; and ruled that Rederi was negligent and thereby proximately caused

---

1. Haynes v. Rederi A/S Aladdin et al., 254 F.Supp. 185 (S.D.Tex.1963).

2. In its opinion the trial court summarized the evidence on this point thusly:
 * * * [I]mmediately before the time of the mishap to libelant, libelant was signaling the winch man in the loading of sack cargo. Just before libelant's fall, someone from the dock to which the vessel was moored called libelant's nickname. * * * Libelant, *without looking around*, stepped backwards two or three steps, then his left heel slipped and he fell. Testimony was introduced to the effect that the winches had been oiled a short time before the mishap and that one witness testified that he saw a footprint in a small trickle of oil on the deck. Libelant testified as to oil being on one shoe and his trousers. He did not see oil on the deck.

Haynes' injuries. The court further found "by a preponderance of the evidence that [Haynes'] fall was in part caused by his own contributory negligence * * * [which] proximately resulted in a portion [fifty per cent] of his injuries." [3]

In assessing damages, the court awarded Haynes the following amounts:

| | | |
|---|---|---|
| Loss of wages, date of injury to date of trial | $7,500 | |
| Less 50% for contributory negligence | 3,750 | $3,750 |
| Loss of earning capacity, date of trial forward [4] | | -0- |
| Pain and suffering, past, present and future | 7,500 | |
| Less: 50% for contributory negligence | 3,750 | 3,750 |
| Medical Expenses | 1,300 | |
| Less: 50% for contributory negligence | 650 | 650 |
| Total | | $8,150 |

From this recovery TEIA was reimbursed in full as follows:

| | |
|---|---|
| Compensation paid | $5,592.25 |
| Medical expenses paid | 1,300.00 |
| Total | $6,892.25 |

The remainder, or $1,257.75, went to Haynes and his attorneys. Interest was ordered from the date of judgment (October 7, 1963).

The award and its allocation between Haynes and TEIA were indeed unsettling to Haynes and his attorneys. Several motions were filed requesting the court to alter its judgment so as (1) to award Haynes' attorneys from the TEIA recovery the full expense of the trial and an attorney's fee; (2) to restrict TEIA's reimbursement for amounts paid Haynes to the sums awarded him for loss of wages and medical expenses (i. e. $3,750 + $650 = $4,400); (3) to award Haynes an additional $810 for medical expenses incurred after the filing of this suit on January 15, 1959; and (4) to order interest from the date of trial, rather than from the date of judgment. After a hearing the court granted Haynes' attorneys certain expenses of the trial from the TEIA recovery, but denied any further relief or modification.

On this appeal the trial court's final judgment is attacked on numerous grounds. The court's finding of contributory negligence and its award for damages are said to be "clearly erroneous". The reimbursement granted TEIA

3. 254 F.Supp. 188. A finding of contributory negligence does not serve to defeat the plaintiff's claim in an admiralty suit; rather the doctrine of comparative negligence, whereby each party bears his proportionate share of the loss according to his own negligence, applies. See Beadle v. Spencer, 298 U.S. 124, 131, 56 S.Ct. 712, 80 L.Ed. 1082 (1936); Keel v. Greenville Mid-Stream Serv., Inc., 321 F.2d 903 (5th Cir. 1963).

4. In this regard the trial court noted:
 * * * [Haynes] appeared at the trial a stooped, infirm old man wearing glasses because of cataracts, his hearing impaired, with palsied trembling hands, with a history of high blood pressure, and using a cane. None of the above ailments do I attribute to his fall or to trauma. * * *

is challenged on two grounds: first, that it improperly awarded reimbursement from Haynes' recovery for pain and suffering; and second, that it fails to award Haynes' attorneys expenses and a fee for creating the fund from which TEIA was granted reimbursement. Lastly, it is urged that interest should have been ordered from the date of trial.

■ Initially appellant Haynes assails as inadequate the trial court's award for loss of wages and medical expenses and as incorrect the court's finding of contributory negligence. At the outset it should be emphasized that it is no longer our function to retry these cases for the "clearly erroneous" concept applies to admiralty as well as to civil causes. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954).[5] What this means to an appellate court reviewing the trier's findings of fact was recently reiterated by the Supreme Court in Guzman v. Pichirilo, 369 U.S. 698, 702, 82 S.Ct. 1095, 1098, 8 L.Ed.2d 205 (1962); "Under this rule an appellate court cannot upset a trial court's factual findings unless it 'is left with the definite and firm conviction that a mistake has been committed.'"

■■ A thorough review of the record does not leave us with such a conviction. On the contrary, we are satisfied that the court's findings are amply supported by the record evidence. The damages awarded appellant for loss of wages and medical expenses are entirely commensurate with the proof offered regarding these items.[6] Appellant was 67 years old at the time of his injury. Quite conceivably, if not probably, he had but few working days ahead, at least as a longshoreman. Moreover the trial court detailed numerous infirmities with which appellant was afflicted at the time of trial, all of which, according to the court, were attributable to his old age, and *not* the mishap.[7] The court's conclusion that $7,500 fully compensated appellant for whatever work he might have done between the time of the accident and the time of trial, based as it was on a complete evaluation of these and other relevant considerations, is not "clearly erroneous". Nor is the court's refusal to award appellant his medical expenses incurred after the date of trial (January 15, 1959). The evidence suggests that the post-trial expenses were necessitated by degeneration due to old age, and were *not* the result of appellant's fall, and thus were properly omitted from the damages for the fall.

■ Correctly observing that where there is insufficient record evidence to support the trial court's finding of contributory negligence we are duty-bound to reverse that finding, San Pedro Compania Armadoras, S.A. v. Yannacopoulos, 357 F.2d 737, 740 (5th Cir. 1966), appellant argues that here the trial court's finding is wholly unsupported and thus is "clearly erroneous".[8] But again we

5. Accord, Oil Screw Noah's Ark v. Bentley & Felton Corp., 322 F.2d 3, 5 (5th Cir. 1963); Caribbean Federation Lines v. Dahl, 315 F.2d 370, 373 (5th Cir. 1963), cert. denied, 375 U.S. 831, 84 S.Ct. 76, 11 L.Ed.2d 62 (1963); Ellis Towing & Trans. Co. v. Socony Mobil Oil Co., 292 F.2d 91, 93 (5th Cir. 1961), and cases there cited.

6. The determination of damages plainly is a fact-finding function of the trial court. See Mitchell v. Evelyn C. Brown, Inc., 310 F.2d 420, 424 (1st Cir. 1962); Smith v. Jugosalvenska Linjska Plovidia, 278 F.2d 176, 179 (4th Cir. 1960); Hildebrand v. United States, 226 F.2d 215, 216 (2d Cir. 1955); United States v. Puscedu, 224 F.2d 5, 6 (5th Cir. 1955). And it is

singularly appropriate that this function should be for the trier of fact, for the trial court heard the testimony of the witnesses, including the doctors, and thus is best qualified to canvass the relevant considerations, make allowances for conflicting points of view, and decide upon a just and fair financial award.

7. See note 4 supra. It should be noted that appellant accepts as supported by sufficient evidence the court's ruling that appellant sustained no loss of future earning capacity (after the date of trial).

8. That the "clearly erroneous" rule is applicable to this factual determination is unquestioned. See American President Lines, Ltd. v. Redfern, 345 F.2d 629, 632

are unable to agree. From all the evidence before it the trial court determined that appellant failed to exercise reasonable care in walking on the slippery deck during loading operations, and that this oversight contributed fifty per cent to his fall. On examination of all the evidence, we cannot say this determination was "clearly erroneous".

Appellant next challenges the trial court's allocation of damages between him and TEIA. On this issue appellant argues that the allocation itself was improper, inasmuch as it granted TEIA reimbursement from sums awarded appellant for pain and suffering; and that at any rate the trial court erred in not awarding appellant's attorneys expenses and a fee for creating the fund which ultimately benefits primarily TEIA. Both arguments are patently unsound and we reject them.

 Appellant directs attention to the fact that under the trial court's award, he is granted only $3,750 for loss of wages and $650 for medical expenses, with the remainder ($3,750) designated as damages for pain and suffering. He then points out that the payments made to him by TEIA were for "compensation" and for "medical expenses", and suggests that these payments did not include any sums for pain and suffering. Calling for a liberal reading of the Act in favor of the injured workman,[9] appellant concludes that the reimbursement granted TEIA must, to do equity to all involved, be limited to the loss of wages and medical expenses actually awarded appellant,

i. e., $4,400. This analysis is so bizarre and unsupportable as to require very little rebuttal. Suffice it to say that appellant completely misconceives the purpose and function of the Act; the whole theory of the Act, and of similar compensation legislation, is to provide the injured workman with certain and absolute benefits in lieu of all common law damages.[10] Thus the payments made by TEIA were made in place of all damages to which appellant otherwise would be entitled, and not just lost wages or medical expenses. And Section 33 of the Act, 33 U.S.C. Section 933, makes it clear that the compensation insurer shall recover *in full* its payments from the *total* recovery obtained by the injured workman from a third party defendant, regardless of what that recovery replaces or is termed by the court. We therefore hold that TEIA is entitled to reimbursement from all damages awarded appellant in his third party suit.

The solution to appellant's request for attorney's fees and expenses from TEIA's recovery is made more difficult by this Court's recent decision in Strachan Shipping Co. v. Melvin, 327 F.2d 83 (5th Cir. 1963). In *Melvin* we upheld a district court award which, in effect, granted the injured workman's attorneys a fee from the portion of the total recovery allocated to the compensation insurer as reimbursement. This result was reached notwithstanding the rather obvious ill-effects flowing therefrom, as detailed in Judge Brown's vigorous dissent. Regardless of our personal views on the *Melvin* decision,[11] we

(9th Cir. 1965); Keel v. Greenville Mid-Stream Serv., Inc., 321 F.2d 903 (5th Cir. 1963); Gypsum Carrier, Inc. v. Handelsman, 307 F.2d 525, 527–528, 4 A.L.R.3d 517 (9th Cir. 1962).

9. See Reed v. The Yaka, 373 U.S. 410, 415, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963); McClendon v. Charente S.S. Co., 348 F. 2d 298, 301 (5th Cir. 1965), and cases there cited.

10. Thus in Section 5 of the Act, 33 U.S.C. Sec. 905, it is provided that the benefits paid under the Act "shall be exclusive and in place of *all other liability* * * *." (Emphasis added.)

11. We observe in passing that no other court has accepted the analysis put forth and adopted in *Melvin*. See Ashcraft & Gerel v. Liberty Mut. Ins. Co., 343 F.2d 333 (D.C.Cir. 1965); Davis v. United States Lines Co., 253 F.2d 262 (3d Cir. 1958); Petition of Sheffield Tankers Corp., 222 F.Supp. 441 (N.D.Cal.1963); Oleszczuk v. Calmar S.S. Corp., 163 F. Supp. 370 (D.Md.1958); Fontana v. Pennsylvania R.R., 106 F.Supp. 461 (S.D. N.Y.1952), aff'd sub nom. Fontana v. Grace Line, Inc., 205 F.2d 151 (2d Cir. 1953), cert. denied, 346 U.S. 886, 74 S.Ct. 137, 98 L.Ed. 390 (1953).

fully recognize that if *Melvin* decided the issue now before us we must adhere to it.

But we are firmly convinced that the case now before us falls outside the ambit of Melvin. In *Melvin* we considered controlling our previous decision in Voris v. Gulf-Tide Stevedores, Inc., 211 F.2d 549 (5th Cir. 1954), cert. denied, 348 U.S. 823, 75 S.Ct. 37, 99 L.Ed. 649 (1954); quoting from *Voris*, we honored "'the age-old equitable principle that one who accomplishes the creation of a fund for the benefit of another is entitled to reimbursement therefrom for the reasonable costs thereby incurred,'" and held that "under the particular facts of this case and the record before us, we are not able to say that the trial court committed error" in granting the injured workman's attorneys a fee from the compensation insurer's reimbursement.

The "age-old equitable principle" to which the *Voris* court refers, and upon which *Melvin* is based, applies only "when the circumstances are such as that parties sought to be held liable for fees can be said to have either expressly or impliedly accepted the attorneyship and its benefits", and "normally a mere incidental advantage resulting to a fund by reason of adverse litigation furnishes no basis for charging the attorney's fees of one of the parties against the fund." Lea v. Paterson Sav. Institution, 142 F.2d 932, 934 (5th Cir. 1944).[12] Plainly it was not intended to, nor does it, apply to a case such as now before us. For TEIA explicitly rejected the attorneyship proffered by appellant's attorneys. In fact it employed its own attorneys to preserve its position during this litigation and these counsel represented it and actively asserted its rights throughout the trial. Thus TEIA's own counsel were responsible, at least in large part, for the reimbursement allowed it. This apparently distinguishes *Melvin*;[13] and it glaringly reveals that to grant appellant's attorneys a fee from TEIA's reimbursement would be wholly unfair and unwarranted in this case.

Moreover we are persuaded that even if *Melvin* were not distinguishable, nevertheless the trial court's judgment in the case at bar nowise conflicts with that decision. Appellant's attorneys candidly admit that appellant would derive very little benefit from the holding sought; rather it is appellant's attorneys who stand to gain. And it is crystal clear that appellant's attorneys have no common interest with TEIA in this litigation, and that TEIA wisely employed its own counsel out of necessity to protect its rights. It would indeed be difficult to conceive of a situation in which the trial court, exercising "careful supervision" and giving "proper consideration to the equitable principles involved", as *Melvin* states it must, would be more justified in denying attorney's fees to the injured workman's counsel. Accordingly we affirm the court's action in this regard.

One last point remains. Appellant requested that the trial court order interest from the date of trial. This the court refused to do, instead ordering interest from the date of judgment. While an admiralty court quite clearly has power to award pre-judgment interest where such is necessary to maintain whole the damages granted a claimant, Petition of City of New York, 332 F.2d 1006, 1007–1008 (2d Cir. 1964), cert. denied, City of New York v. Bernstein, 379 U.S. 922, 85 S.Ct. 277, 13 L.Ed.2d 335 (1964), yet the exercise of this power ordinarily rests within the sound discretion of the trial court. See National Marine Service Inc. v. Talley, 348 F.2d 589 (5th Cir. 1965). Here the trial court was presented with appellant's mo-

---

12. See Annot., 8 L.Ed.2d 894, 905 (1963).

13. In *Melvin* it appears that the compensation insurer was not represented by its own counsel during the trial of the third party suit, and thus the attorneys for the injured workman were solely responsible for the fund which ultimately benefited the insurer.

**352**

tion for interest from the date of trial, and undoubtedly was aware of the legal principles applicable to this question. In these circumstances we think it quite probable that "the determination of damages itself includes some compensation for the delay from the time of [trial] to the time of judgment", Petition of City of New York, supra, at 1008. Moreover since TEIA actually received the bulk of the total award granted appellant, it is TEIA, and not appellant, that is injured by, but makes no complaint of, this asserted shortcoming. Upon all these considerations we cannot find the requisite abuse of discretion in the court's refusal to award interest from the date of trial.

The judgment of the district court is in all respects

Affirmed.