Gilbert **RIDDICK**, Plaintiff,

v.

**REDERI A/B FREDRIKA**, Defendant
and Third-Party Plaintiff,

v.

**OLD DOMINION STEVEDORING COR-
PORATION**, Third-Party Defendant.

Civ. A. No. 5629.

United States District Court
E. D. Virginia,
Norfolk Division.

July 17, 1967.

Kelsey & Rabinowitz, Norfolk, Va., for plaintiff.

Seawell, McCoy, Winston & Dalton, John W. Winston, Norfolk, Va., for defendant and third-party plaintiff.

Vandeventer, Black, Meredith & Martin, Walter B. Martin, Jr., Norfolk, Va., for third-party defendant.

MEMORANDUM

WALTER E. HOFFMAN, Chief Judge.

In an action tried to a jury the plaintiff-longshoreman received a verdict in the sum of $1500.00. The jury likewise found in favor of the third-party plaintiff in the indemnity action against the stevedore. Employers Mutuals of Wausau, the compensation insurance carrier for Old Dominion Stevedoring Corporation, petitioned this Court requesting the satisfaction of its lien for medical expenses and compensation benefits aggregating $1821.78 paid under the provisions of the Longshoremen's and Harbor Workers' Compensation Act. Plaintiff's attorneys likewise assert a lien under the Virginia statute upon the recovery to the extent of $509.86 expenses and $500.00 attorney's fees, or a total of $1009.86.

We hold that the lien of the compensation insurance carrier takes precedence over that of plaintiff's attorneys. The only authority relied upon by the attorneys is Strachan Shipping Co. v. Melvin, 327 F.2d 83 (5 Cir., 1964), in which there was a vigorous dissent by Judge Brown. Since then the same circuit has had occasion indirectly to criticize its former holding. Haynes v. Rederi A/S Aladdin, 362 F.2d 345 (5 Cir., 1966). Even if we assume that *Melvin* correctly stated the principle of law that the recovery was for the benefit of the insurance carrier—as it does not appear that the stevedoring company was made a party defendant in any action brought by the shipowner and, therefore, the attorneys for the longshoreman created a fund which inured to the benefit of the compensation insurance carrier—it would not apply in the instant case. There was no suggestion that plaintiff's attorneys were maintaining this action for the

benefit of Old Dominion Stevedoring Corporation or its compensation insurance carrier. Old Dominion employed its own attorneys who vigorously participated at all stages of the trial. Old Dominion must pay the judgment over in the third-party action, together with attorney's fees and expenses.

As pointed out in *Haynes,* no other court has accepted the analysis of the majority in *Melvin.*[1] It is at best an isolated case grounded upon equitable principles not here applicable.

An order will be entered directing judgment on the jury verdict and allowing the claim of Employers Mutuals of Wausau to the extent of the amount due by the defendant-shipowner to the plaintiff. Present final judgment order.

1. See the authorities collected in fn. 11 in. Haynes v. Rederi A/S Aladdin, 5 Cir., 362 F.2d 345, 350.