**NEW WEST TRANSPORT CORPORATION, Libelant-Appellant,**

v.

**S/S ANGELINA, her engines, tackle, etc., et al., Respondents-Appellees.**

No. 26729.

United States Court of Appeals
Fifth Circuit.

April 23, 1969.

Brooks P. Hoyt, William C. Blake, Jr., Tampa, Fla., for appellant.

Dewey R. Villareal, Jr., Marvin E. Barkin, Tampa, Fla., for appellees, Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, Fla., of counsel.

Before GEWIN, McGOWAN * and MORGAN, Circuit Judges.

PER CURIAM:

This admiralty case arose in the United States District Court for the Middle District of Florida where it was tried without a jury; the appellant is unhappy with the court's final determination of liability. The parties will be referred to by the names of their respective

* Judge Carl McGowan of the District of Columbia Circuit, sitting by designation.

**1148**

ships, the *Nimba* being the appellant and the *Angelina* being the appellee. During the night of June 1, 1965, the Nimba was proceeding outward from port toward the Gulf of Mexico and the Angelina was proceeding inward from the Gulf toward port when they collided in the dredged channel of Hillsborough Bay near Tampa, Florida.

The case was tried on a libel and cross-libel, and the trial resulted in a finding that each of the ships was at fault. A decree dividing the damages was entered. The court entered complete findings of fact and conclusions of law on the basis of fully developed evidence consisting of a number of exhibits, depositions, and six witnesses.

Fully recognizing that Rule 52(a), Fed.R.Civ.P., applies in admiralty cases, that we do not retry cases on appeal, Haynes v. Rederi A/S Aladdin, 362 F.2d 345 (5th Cir. 1966); Chaney v. City of Galveston, 368 F.2d 774 (5th Cir. 1966), and that we must affirm unless the findings of the trial court are clearly erroneous, McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954), counsel for the Nimba is undaunted in his gritty and stouthearted attack upon the judgment of the district court. Launching his assault with maps, arguments, and a meticulous discourse designed to convince this court that all angles, courses, currents and other facts involved on the fateful night of the collision are necessarily in favor of his ship, he avidly embraces the definition of "clearly erroneous" set forth in United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948). In the *Gypsum* decision the Court states:

> A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

Regrettably for the Nimba, we cannot accept her counsel's logic al-

though we applaud his effort. Our review of the briefs and record convinces us that there is substantial evidence to support the findings and conclusions of the trial court and that the judgment should be affirmed.

Affirmed.