Josephine P. **HUGHETT** and William A. Miller, Appellants,

v.

**OHIO BARGE LINES, INC.,** and Emmett Lee Meadows, Appellees.

Court of Appeals of Kentucky.

May 18, 1973.

Josephine P. Hughett, William A. Miller, Louisville, for appellants.

John P. Sandidge, Louisville, for appellees.

CATINNA, Commissioner.

This is an appeal from a judgment of the Jefferson Circuit Court, Common Pleas Branch, Seventh Division, fixing and allocating fees due attorneys of Emmett Lee Meadows upon a recovery of damages in an action against Ohio Barge Lines, Inc.

Meadows, an employee of Port of Louisville, was seriously injured while working as a longshoreman aboard a barge owned by Ohio Barge Lines, Inc. Meadows was covered under the Longshoreman's and Harbor Workers' Compensation Act for the injuries received. The Act also provided that an employee had the right to prosecute an action against the third party whose negligence had caused the injury sustained. The employer or its compensation carrier under the Act had a lien upon the amount recovered to secure a refund of compensation paid the employee.

Meadows, subsequent to his injury, was awarded compensation in the amount of $31,887.37 to be paid by Liberty Mutual Insurance Company, the compensation carrier for the Port of Louisville. Meadows also filed an action against Ohio Barge to recover damages for the injuries sustained as a result of its negligent acts. He employed Josephine P. Hughett, a Louisville attorney, and executed the usual contingent fee contract by which he agreed to pay 33⅓% of any amount recovered by suit or through compromise.

Attorneys Josephine P. Hughett and William A. Miller filed Meadows' action against Ohio Barge Lines, Inc., and others, seeking recovery for the injury sustained. The claims against all defendants other than Ohio Barge were disposed of in their favor. Upon trial of the action Meadows was awarded a judgment for $100,000 against Ohio Barge only. Ohio Barge took no appeal from this judgment. The judgment against Ohio Barge was entered on February 2, 1970.

On June 18, 1970, Ohio Barge, by motion, asked the court that it be permitted, pursuant to CR 67.01, to pay the Receiver of the Jefferson Circuit Court the sum of $75,658.47, representing the amount awarded Meadows by the judgment of February 2, together with interest at 6% per annum to June 18, less the subrogation lien of the

employer's insurance carrier for compensation paid. At the time of the making of the motion, Liberty Mutual, the compensation carrier of the Port of Louisville, had paid Meadows the total of $26,577.37.

Liberty Mutual, in addition to being the compensation carrier for Port of Louisville, was also its liability carrier. Ohio Barge, under what is known as the "Ryan Doctrine," had a claim against Port of Louisville indemnifying it in any amount which Meadows might recover. As a result of this situation, Liberty Mutual assumed defense of Meadows' claim against Ohio Barge and agreed to pay any amounts which Meadows might recover.

The motion of June 18, 1970, asked that the court permit Ohio Barge to retain and pay over to Liberty Mutual the amount which had been previously paid to Meadows in view of the fact that 33 U.S.C.A. § 933 created a lien against Meadows' recovery to the extent of compensation received from the employer or its carrier.

The reason given by Ohio Barge for wanting to pay the amount of the judgment less the sums due Liberty Mutual to the Receiver of the Jefferson Circuit Court was given as follows:

"A dispute has arisen concerning the amount to be received by the plaintiff and his attorney in this action. Plaintiff's attorney submits that distribution should be made as between him and the plaintiff in accordance with Strachan Shipping Company v. Melvin (CA 5th), 327 F.2d 83. Ohio Barge Lines, Inc., contends that distribution should be made in accordance with Haynes v. Rederi A/S Aladdin (CA 5th), 362 F.2d 345; . . . ." (Numerous other cases were cited.)

There was filed with the motion the affidavit of Tom Cecil, Claims Supervisor of the Louisville office of Liberty Mutual, detailing amounts paid by the company to Meadows under the Act—$26,577.37—and upon which it asserted a lien pursuant to the Act. Plaintiffs objected to the motion

filed by Ohio Barge, stating that the only way the barge line could obtain a release of its liability under the judgment was to pay the sum total of $102,235.84. The attorneys contended that Ohio Barge was seeking to obtain an adjudication of the validity of Liberty Mutual's lien without Liberty Mutual's intervening in the action and, further, that Ohio Barge was not a proper party to raise any question concerning the distribution of the proceeds of the judgment or fees paid to attorneys for Meadows.

The attorneys also impleaded themselves into the litigation as parties and filed their contract with Meadows.

The court, after hearing the arguments of the parties, directed that Ohio Barge pay into court the sum of $75,658.47 representing the sum of the judgment plus interest less the amount due Liberty Mutual as the compensation carrier for Port of Louisville. After permitting the payment of this sum and after making Hughett and Miller parties to the action and ordering that their contract with Meadows be filed, the court distributed the funds paid to the receiver so that Hughett and Miller, as attorneys for Meadows, received as their fee a sum equal to one-third of the $75,658.47 rather than one-third of $102,235.84. It is from this action of the court that Hughett and Miller appeal.

It should be borne in mind at this point that neither Port of Louisville nor Liberty Mutual was a party to this action and consequently had no standing in court by which it could question the payment of the amount adjudged against Ohio Barge or a division of the amount between Meadows and his attorneys. The judgment in this action was against Ohio Barge in the amount of $100,000, and upon payment of this sum Ohio Barge would have satisfied all claims against it and would have had no concern as to what further disposition was made of the proceeds of the judgment.

The claim of Ohio Barge that it was affected by the dispute concerning the

amount to be received by plaintiff and his attorneys is obviously without merit.

This is clearly apparent when we examine the cases cited in the motion as supporting the divergent views of the attorneys and Ohio Barge. Not one of the many cases cited in any way concerns the employee and the third party against whom the employee had recovered a judgment. All of these cases involve the question of whether attorneys representing the employee have a lien for a part of their fee upon so much of the amount recovered as must be paid to the compensation carrier.

The case of Strachan Shipping Company, cited by Ohio Barge as supporting the attorneys' contention, awarded the employee's attorneys a superior lien to secure a fee out of the amount due the compensation carrier. All of the cases cited as supporting Ohio Barge's theory of a fee distribution are those in which it has been decided that the employee's attorney had no lien upon that part of the funds recovered that were payable to the compensation carrier, it being stated that the carrier recovered the amount of its claim free of any liens for attorneys' fees or otherwise. It should be noted that in all of these cases the compensation carriers or the employers were parties to the action, in many of them the compensation carrier having intervened to assert its lien.

It is true that Port of Louisville and Liberty Mutual were interested in the next recovery to Meadows, as it would control potential future payments which they might be required to make to Meadows under the Act. However, this was not a matter which addressed itself to Ohio Barge, and there was no possible way in which it could be involved or concerned in matters relating to future compensation payments to Meadows. It had satisfied its total liability to Meadows upon payment of the judgment and interest, and there its interest terminated.

We are of the opinion that under the law involved Ohio Barge was without standing to raise any question concerning the fee to be paid to attorneys for Meadows, and surely it could not act as a proxy, so to speak, for Liberty Mutual or Port of Louisville, who were not parties to the action.

As Ohio Barge had no standing to raise the question involved, then its motion could not properly place before the court any question concerning attorneys' fees, and the order of the court fixing and allocating attorneys' fees was invalid.

The judgment is reversed insofar as it seeks to fix and allocate attorneys' fees.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.