**Steven C. HAYDEN, Plaintiff-Appellant, Cross-Appellee,**

v.

**KERR–McGEE and J–W Operating Company, Defendants-Appellees,**

**Dresser Atlas, Intervenor-Appellant, Cross-Appellant.**

**No. 85–3351.**

United States Court of Appeals, Fifth Circuit.

April 21, 1986.

Rehearing and Rehearing En Banc Denied May 23, 1986.

---

Bernard J. Williams, New Orleans, La., for Dresser Atlas.

Michael J. Samanie and Herbert W. Barnes, Houma, La., for Hayden.

Before REAVLEY, HIGGINBOTHAM and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

The question posed by this appeal is whether an employer who has paid medical benefits to an injured employee pursuant to the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–50, is entitled to be fully reimbursed for those payments out of the employee's later recovery against negligent third parties. Determining that prior case law of this Circuit permits no other result, we hold that the employer is entitled to such a reimbursement.

## I.

Dresser-Atlas, Inc. ("Dresser") employed Steven C. Hayden as a wireline operator. In the course of his employment Hayden was instructed to proceed offshore to perform specialized wireline work for Kerr-McGee, Inc. ("Kerr-McGee"). Upon his arrival at the Kerr-McGee dock facility, Hayden boarded the M/V MR. HOWARD for passage to an offshore fixed platform where the wireline services were to be performed. J–W Operating Company ("J–W") owned and operated the MR. HOWARD and leased her to Kerr-McGee. During the passage Hayden slipped and fell on the deck, injuring his back.

Dresser paid Hayden benefits pursuant to the LHWCA. Dresser paid $63,041.31 in disability compensation and $35,192.39 for medical services and supplies. Hayden sued Kerr-McGee and J–W, claiming their negligence caused his injury. A jury found Kerr-McGee and J–W negligent, and awarded Hayden a lump sum of $835,000 in damages. However, the jury found that Hayden was 65% contributorily negligent. The district court added to the jury's award the stipulated sum of medical expenses paid by Dresser, and then reduced the entire amount by 65%, leaving a remainder of $304,567.33. The court ordered judgment for this amount in favor of Hayden against J–W and Kerr-McGee.

The court further ordered that judgment be entered against Hayden and in favor of Dresser, appearing as an intervenor, for

the $63,041.31 paid in disability compensation. Upon Dresser's motions to reconsider, the court added to Dresser's award 35% of the $35,192.39 in medical payments, or $12,317.34, making Dresser's total award $75,358.65. The court rejected Dresser's arguments that it should be allowed full reimbursement for its medical payments on Hayden's behalf. The court recognized that Dresser lost $22,875.05 in unreimbursed medical payments, but reasoned that "plaintiff's judgment for medical expenses is insufficient to cover the full amount of [Dresser's] lien for medical expenses." Dresser appeals.[1]

## II.

The LHWCA provides a comprehensive scheme governing the rights of certain injured maritime employees against employers and third parties. An employee need not make an election between the receipt of compensation from his employer and a damages action against a third party. 33 U.S.C. § 933(a). After receiving a compensation award from his employer, the employee is given six months within which to bring suit against the third party. 33 U.S.C. § 933(b). If he fails to commence an action against the third party within that period, the acceptance of the compensation award operates as a temporary assignment to the employer of the employee's rights against the third party. Id.

The LHWCA explicitly provides for the distribution of any amount obtained by the employer in a suit brought pursuant to that assignment. 33 U.S.C. § 933(e). The employer is entitled to retain, inter alia, its expenses incurred in pursuing the matter, including attorney's fees, as well as all compensation benefits paid the employee. See 33 U.S.C. §§ 933(e)(1)(A), (C). The employer is expressly entitled to retain "the cost of all benefits actually furnished by him to the employee under section 907 of

this title." 33 U.S.C. § 933(e)(1)(B) (emphasis added). Section 907 requires the employer to furnish medical services and supplies for an injured employee. 33 U.S.C. § 907(a).

The situation at hand differs from the scheme described above because here it was the injured employee, not his employer, who brought suit against negligent third parties. The LHWCA does not expressly provide for the distribution of amounts recovered in a suit brought by an employee.[2] However, courts have long interpreted the LHWCA to require that the employer be reimbursed for his compensation payment out of the sum recovered from the third party. See, e.g., The Etna, 138 F.2d 37 (3d Cir.1943); Miranda v. Galveston, 123 F.Supp. 889 (S.D.Tex.1954); see also Bloomer v. Liberty Mutual Insurance Co., 445 U.S. 74, 79, 100 S.Ct. 925, 928, 63 L.Ed.2d 215, 221 (1980). These courts have made no distinction between reimbursement for disability compensation and reimbursement for medical benefits paid. E.g., The Etna, 138 F.2d at 38, 41; Miranda, 123 F.Supp. at 893.

Hayden defends the decision of the district court not on the ground that Dresser has no right at all to reimbursement for amounts it paid him in medical benefits, but rather that an award to Dresser for medical payments greater than 35% of the amount actually paid would be unjust. Hayden contends that because he recovered only 35% of his medical expenses, if Dresser receives reimbursement for 100% then Hayden will in effect be required to pay 65% of the medical costs himself. Hayden argues that such a result would be contrary to the LHWCA's purpose of compensating injured workers for the full amount of their medical expenses. We disagree with this analysis.

---

1. Hayden settled his appeal against Kerr-McGee and J–W, leaving for resolution only Dresser's cross-appeal against Hayden.

2. The LHWCA does provide that if an employee brings suit and recovers a net amount from the

third party that is less than the amount payable as determined by the administrative process, then the employer must make up the shortfall. 33 U.S.C. § 933(f). Because there was no such shortfall here, this provision is not controlling.

Hayden's argument is foreclosed by the decision in *Haynes v. Rederi A/S Aladdin*, 362 F.2d 345 (5th Cir.1966), *cert. denied*, 385 U.S. 1020, 87 S.Ct. 731, 17 L.Ed.2d 557 (1967). The district court in *Haynes* found a third party's unseaworthiness to be the cause of an employee's injury, assessing separate amounts of damages for lost wages, pain and suffering, and medical expenses. The district court found the employee 50% contributorily negligent, however, and reduced each of these amounts in half when determining his award. The district court then awarded as reimbursement to the employer's compensation insurer the full amount of the disability compensation and medical expenses it had paid to the employee. The employee appealed, arguing that the insurer's reimbursement should have been restricted to the actual sums awarded to the employee for lost wages and medical expenses, and that full reimbursement would necessarily reduce his recovery for pain and suffering.

The *Haynes* court reacted strongly to these arguments:

> This analysis is so bizzarre and unsupportable as to require very little rebuttal. Suffice it to say that appellant completely misconceives the purpose and function of the Act; the whole theory of the Act, and of similar compensation legislation, is to provide the injured workman with certain and absolute benefits in lieu of *all* common law damages. Thus the payments made by TEIA [the employer's compensation insurer] were made in place of *all* damages to which appellant otherwise would be entitled, and not just lost wages or medical expenses. And Section 33 of the Act, 33 U.S.C. Section 933, makes it clear that the compensation insurer shall recover in *full* its payments from the *total* recovery obtained by the injured workman from a third party de-

> fendant, regardless of what that recovery replaces or is termed by the court. We therefore hold that TEIA is entitled to reimbursement from all damages awarded appellant in this third party suit.

362 F.2d at 350 (footnote omitted). This result was followed in *Boswell v. Terrace Navigation Corp.*, 384 F.2d 186, 188 (5th Cir.1967).

Hayden's argument is essentially the same as the rejected contention of *Haynes*. Hayden wishes us to consider individually the amount he recovered attributable to medical expenses, $12,317.34, while ignoring his recovery for other damages in the lump sum, reduced by 65% to amount to $292,250. However, *Haynes* establishes that the right to reimbursement does not require each item of the employee's recovery in a third party suit to be "matched" with its corollary item of compensation from the employer to determine whether there is a shortfall. If we compare, as the *Haynes* court did, the *full* amount of Dresser's payments ($98,233.70) with Hayden's *total* award ($304,567.33), the fallacy of Hayden's argument becomes apparent. Hayden's total recovery is more than sufficient to fully reimburse Dresser and pay reasonable attorney's fees and expenses.[3] In sum, Hayden will not be required to pay any of his own past medical expenses.

We recognize that the result in *Haynes* was not, as the court suggested, commanded by explicit provision of the LHWCA, 33 U.S.C. § 933. As noted, section 933 only expressly pertains to the distribution of an employer's recovery from a third party. However, the unambiguous provision that the employer shall retain from its recovery an amount representing all compensation paid to the employee, specifically including all medical payments, does "speak with considerable force" against requiring the

---

**3.** We note that the Supreme Court has held that an employer's reimbursement for LHWCA compensation paid to an employee is not subject to a reduction reflecting a share of the employee's litigation expenses. *Bloomer*, 445 U.S. at 85–86, 100 S.Ct. at 931–32, 63 L.Ed.2d at 225–26. We need not address the situation where the recov-

ery against the third party is less than the sum of the total reimbursement paid to the employer and the employee's expenses of suit (including attorney's fees). Thus, we need not determine the priority of the employer's reimbursement vis-a-vis the employee's expenses.

employer to absorb a portion of these payments when the employee's net recovery is sufficient to fund a total reimbursement. *Cf. Bloomer*, 445 U.S. at 78, 100 S.Ct. at 928, 63 L.Ed.2d at 221. Had Dresser brought this action, since its rights would derive from Hayden's, its recovery would have similarly been limited by the extent of his contributory negligence; nevertheless, Dresser could have retained an amount equaling its total disability and medical payments. There is no reason to believe that Congress intended a different distribution merely because the employee has brought the action. *See id.*

### III.

We reverse that portion of the judgment of the district court which awarded $75,-358.65 in favor of Dresser and against Hayden, and we direct that the judgment be amended to increase this award to $98,-233.70, representing the full amount of all compensation paid by Dresser.[4]

REVERSED and RENDERED.

---

**4.** We note that Dresser is at least equally responsible for the error by the district court. In its post-trial motions and memorandum, Dresser neglected to cite *Haynes*, the controlling precedent in this case.