**COLLINS et al. v. HUPP MOTOR CAR CORPORATION.**

District Court, E. D. Michigan, S. D. October 5, 1929.

No. 358.

Whiting & Kleinstiver, of Jackson, Mich., for plaintiff Collins.

Toulmin & Toulmin, of Dayton, Ohio, for plaintiff Blackmore.

TUTTLE, District Judge. This cause is again before this court on exceptions filed by the plaintiff Blackmore to the report of the special master herein to whom, by an order of this court heretofore entered in said cause, was referred a dispute between the two plaintiffs herein concerning their respective rights in the fund paid into the registry of this court, pursuant to said order, by the defendant herein in satisfaction of the decree theretofore entered in this cause [4 F.(2d) 272, affirmed on appeal 22 F.(2d) 27] adjudging said defendant liable for its infringement of a certain patent in which both of said plaintiffs were beneficially interested, and determining the amount recoverable by the said plaintiffs against the said defendant by reason of such infringement.

The controversy between these plaintiffs of which one phase is now before the court has been of long standing and of many ramifications. It was determined by the final decree in this suit that the legal title to the patent herein involved was, at and before the commencement of this suit, held by the plaintiff Blackmore in trust for the plaintiff Collins as well as for himself, and that the said Collins, by reason of certain contracts between him and the said Blackmore relative to their business relations with respect to said patent, had such a beneficial interest in this patent that when Blackmore refused to join with Collins in this suit to protect the rights of both of them in such patent, the plaintiff Collins was entitled to make the said Blackmore a party plaintiff herein with him, "to redress the joint grievance" resulting to them from the infringement of the said defendant. Before the making of the settlement agreement, hereinafter mentioned, between the said plaintiffs, the said Blackmore had not only refused to join with the said Collins in the prosecution of this suit, but, both by proceedings in this cause and by the prosecution of another suit against the said Collins in this court, had actively and strenuously opposed the latter in his efforts to maintain this suit. Intense bitterness developed between these two plaintiffs, and, notwithstanding the temporary suspension of hostilities between them for a short period subsequent to the making of the settlement agreement just mentioned, appears to have continued until the present time.

The plaintiff Collins contends, and the special master has found, that as a result of the conduct of the plaintiff Blackmore in failing to protect the said patent against infringement and in opposing the efforts of said Collins to himself furnish such protection and, to that end, to prosecute and maintain this suit, the latter was compelled to, and did, incur expenses and obligations, and render services, in the employment of counsel, the payment of court costs, the gathering of evidence, and the necessary preparation and prosecution of this suit, which resulted in the protection, preservation, and successful determination of said suit and the recovery therein and thereby of the substantial sum paid by the aforesaid defendant into the registry of this court, as already stated, for the common benefit of the said plaintiffs as beneficial owners thereof. The plaintiff Collins claims, and the special master, after hearing the evidence and arguments presented, held, that the said Collins is entitled to reimbursement for the costs, expenses, and services just mentioned. In reaching this decision, the master applied, to the facts and circumstances here involved, the equitable rule that one who has in good faith incurred proper and reasonably necessary costs and expenses in maintaining litigation which results in the recovery of property in which he and others are jointly and beneficially interested, for the benefit of those so interested therein, is entitled, in equity, to reimbursement for such expenses out of such property or the common fund resulting therefrom. Burden Central Sugar-Refining Co. v. Ferris Sugar-Manufacturing Co., 87 F. 810 (C. C. A. 5); Central Trust Co. v. United States Light & Heating Co., 233 F. 420 (C. C. A. 2); Mills v. Sherman, 19 F.(2d) 114 (C. C. A. 6); Guardian Trust Co. v. Kansas City Southern Railway Co., 28 F.(2d) 233 (C. C. A. 8).

This court has carefully examined and considered the report of the special master, the exceptions thereto, the facts and circumstances disclosed by the record, and the arguments and briefs submitted by counsel, in the light of the applicable legal rules and principles, and is satisfied that, with one exception to be presently noted, such report is correct in the result reached by the master. It satisfactorily appears that the rule to which reference has just been made is properly applicable to the present situation and that the amounts allowed thereunder represent actual and reasonable expenditures for attorney's fees, stenographer's fees, master's fees, and other costs and expenses incurred in the prosecution of this cause, under the directions of the attorneys in charge thereof on behalf of the plaintiffs.

In one respect, however, I am unable to confirm the report of the special master. Included in the fees shown to have been paid by the plaintiff Collins as counsel fees, and allowed, by said report, to the said plaintiff, is a sum amounting to $2,689.89 paid to said counsel for legal services rendered in defending, on behalf of said Collins, defendant therein, the suit, hereinbefore mentioned, brought against him by the said Blackmore, after the commencement of this present suit at bar, as part of his activities in opposing the efforts of said Collins in the prosecution and maintenance of this cause. It is apparent that this expense falls within the rule already cited and would be properly allowable to the plaintiff Collins thereunder in the absence of special circumstances excluding it from the operation of such rule. Such a circumstance is present. The settlement agreement already mentioned, which was entered into between these two plaintiffs after the rendition of the legal services for which these counsel fees now under consideration were paid by the said Collins, expressly provided that "the case of C. C. Blackmore v. J. N. Collins and Motor Products Corporation, pending in the United States District Court, Detroit, Michigan, shall be dismissed, each party paying his own costs."

It will be noted that this agreement by each party to pay "his own costs" was not limited to the taxable costs of such party. There is therefore no room for an argument to the effect that the payment of these attorney's fees was not affected by this agreement because they would not have been taxed as costs in the suit in connection with which they were incurred, assuming, without deciding, that they were not so taxable. The word "costs" is defined by Webster as, "in a general sense, expenses incurred in litigation." I am satisfied, from an examination of all of the various recitals and provisions of this agreement, that it expresses an intention on the part of these parties that the suit theretofore brought by Blackmore against Collins should be dismissed without the payment by either of them of any part of the expenses of the other in connection with such suit. It must have been well known to each of them that they both had incurred such expenses, including attorney's fees, and, in view of the purpose to settle and adjust their differences in said agreement, it is inconceivable that when they thus agreed in broad terms that each should pay his own costs of that suit they could have intended that each should pay only the ordinarily inconsiderable portion of his costs which would have been taxable, but that one should pay to the other the normally larger sum constituting his nontaxable costs. The only natural, reasonable construction of this language is that in agreeing that the suit mentioned "shall be dismissed, each party paying his own costs," it was understood and intended that neither party should pay to the other any part of the expenses of that suit, either for attorney's fees or otherwise. Any other construction of this language is, in my opinion, far-fetched, unreasonable, and incorrect. It follows that the plaintiff Collins is not here entitled to reimbursement for any part of this sum of $2,689.89 so paid by him to his attorneys in the defense of the suit just mentioned.

The applicability and effect of the provision of the settlement agreement to which reference has just been made are not affected by the mere fact, if it be a fact as asserted by plaintiff Collins, that the plaintiff Blackmore has not complied with all of the provisions of said agreement. It does not appear, and it is not claimed by said Collins, that there has been a total failure of the consideration involved in this contract, nor that there has been a breach by said Blackmore of such an independent and essential condition of such contract as to entitle said Collins to a rescission thereof, and no such rescission has been undertaken by either party. Moreover, the plaintiff Collins is claiming certain rights under this contract, and therefore, under familiar legal principles, must accept the burdens as well as the benefits of such contract. Princess Amusement Co. v. Wells, 271 F. 226 (C. C. A. 6).

For the reasons stated, the amount awarded by the special master to plaintiff Collins

must be reduced by the amount of the counsel fees erroneously allowed him, as hereinbefore pointed out, and an order entered directing the payment to said plaintiff, out of the fund in question of the amount allowed him by the master, as so reduced.