**VORIS**

v.

**GULF–TIDE STEVEDORES,**
Inc., et al.

**No. 14768.**

United States Court of Appeals
Fifth Circuit.

March 19, 1954.

Brian S. Odem, U. S. Atty., Charles B. Smith, Asst. U. S. Atty., Houston, Tex., Ward E. Boote, U. S. Dept. of Labor, Herbert P. Miller, U. S. Dept. of Labor, Washington, D. C., Stuart Rothman, Solicitor of Labor, Washington, D. C., of counsel, for appellant.

John R. Brown, E. D. Vickery, Houston, Tex., Royston & Rayzor, Houston, Tex., of counsel, for appellees Gulf-Tide Stevedores, Inc., and Texas Employers' Ins. Ass'n.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

On the 10th of October, 1948, one M. L. Williamson, while employed by the Gulf-Tide Stevedores, Inc., fell into the water from a gang plank and was drowned. He left a widow and four young children. Upon his death, under the Longshoremen's & Harbor Workers' Compensation Act, as amended, 33 U.S.C.A. § 901 et seq., the widow became entitled to $18.37 per week until her death or remarriage, and the children jointly became entitled to $16.62 per week. The compensation of the children will terminate upon their eighteenth birthdays. On the 2nd of March, 1949, the widow remarried and upon such remarriage, under the law, was entitled to two years compensation in one sum; her compensation has been paid, and

there is no question here concerning her rights.

An action against a third party was instituted in the court below on behalf of the minor children, proceeding under Section 933, Title 33, of the U.S.C.A. On January 17, 1951, a judgment was entered in said suit under which the said minor children recovered the sum of $13,500. From said sum, the judgment provided that the Texas Employers' Insurance Assocation, insurer for the employer Gulf-Tide Stevedores, Inc., should recover the sum of $1742.58 for compensation theretofore paid to said children. The sum of $3,900 was also directed to be paid to the children's attorneys as their fee for services in the action. The balance of $7,857.42 was directed to "be recovered by the minor libellants in equal shares" through their guardian, subject to the further orders of the court. Upon the entry of said third party judgment, the Deputy Commissioner entered a compensation order in which he directed that the employer and insurance carrier be given credit for said balance of $7,857.42 against further compensation of the children.

█ The court below held that it was the total or gross and not the net amount of the recovery against a third party, the excess of which the employer was required to pay under 33 U.S.C.A. § 933 (f), which provides, in part, for the payment of "a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person." The facts being undisputed, the question presented below and here is one of interpretation of an ambiguous statute, which should be liberally construed in favor of longshoremen and harbor workers.

In Marlin v. Cardillo, 68 App.D.C. 201, 95 F.2d 112, wherein the applicable provisions of the Longshoremen's Act were presented, the court held that the purpose of the act was to give to the injured employee or, in the event of his death, to his dependents, the compensation provided by the act or the amount recovered from a third party, whichever was the greater. The court corrected what it deemed to be a clerical error in Section 933, under the rule that the letter of a statute will not be followed when it leads to an absurd conclusion, citing Jarka Corporation v. Monahan, 1 Cir., 62 F.2d 588, and other authorities. The court distinguished Chapman v. Hoage, 296 U.S. 526, 56 S.Ct. 333, 80 L.Ed. 370, holding that the carrier was not released from its obligation to pay the prescribed compensation where it was not prejudiced by the making of a compromise without the employer's consent.

██ The decisive question in the instant case is whether "the amount recovered" referred to in Section 933(f) means the amount actually received by the compensation beneficiaries in the third party action (that is less attorneys' fees) or whether it means the total amount paid by the third party defendant. If we look at the judgment in the third party action, it will be seen that the attorneys were given a separate recovery in their own names of the sum of $3900 as their attorneys' fee; the Employers' Insurance Association was separately awarded $1742.58 as subrogee; and only the remaining sum of $7,857.42 was actually recovered by the minors in equal shares. These several items were as distinct as "all taxable costs" which were separately adjudged against the third party defendant. To hold that the minors recovered the aggregate amount paid by the defendant would be to disregard the realities of the situation, and to ignore the age-old equitable principle that one who accomplishes the creation of a fund for the benefit of another is entitled to reimbursement therefrom for the reasonable costs thereby incurred. The doctrine of salvage is akin to this principal.

█ The appellees argue that this rule puts the employer and insurance carrier at the mercy of improvident costs and expenses in third party actions

by employees or their representatives. This argument overlooks the fact that such costs and expenses must be reasonable and necessary in order to be allowable. The only item here in dispute is the attorneys' fee, which was approved by the minors' guardian, the probate court, the United States district court, and the Deputy Commissioner. In addition, the reasonableness of the fee is not assailed here.

In the recent case of Iacone v. Cardillo, 208 F.2d 696, 699, the Second Circuit found state decisions on the problem before it in hopeless conflict under various workmen's compensation laws; but, since the federal act was originally based on the New York law, it felt justified in adopting the New York decisions existing at the time of enactment of the federal act, although the New York courts have since altered their interpretation. Consequently, the court said that even a complete about-face of the New York courts in no way required the federal courts to adopt the new interpretation, "for 'legislative intent,' vague as the concept often is, nevertheless forms a fundamental canon of statutory interpretation." Finally, the court examined the precise problem before it on its merits "in terms of the basic purposes of compensation law."

Upon the narrow issue before us, we find ample federal authorities to dispose of the case without resorting to the labyrinth of state decisions. In Marlin v. Cardillo, supra, we have observed that the purpose of the federal act was to give the injured employee the compensation therein provided or the amount recovered from a third party, whichever was greater. In Chapman v. Hoage, supra, Mr. Justice Stone said that, while the employee may elect to pursue his remedy against a third party, such election does not deprive him of his right to compensation; that the employer or insurance carrier remains liable for any amount by which the recovery against the third person falls short of the prescribed compensation; and that Section 33(a), 33 U.S.C.A. § 933(a), only provides for release of the employer's liability for compensation when the claim against the third party is compromised without the employer's consent. In other respects his rights and liabilities, so far as he is in the position of a surety or indemnitor, are governed by the general principles of suretyship. A compensated insurer is held more rigidly to his obligation than a casual or uncompensated one; he is released only in so far as his right is shown to have been prejudiced by the action of the indemnitee. The insurer is given a right of subrogation not to enable him to avoid his undertaking to indemnify but that it may not be enlarged beyond that of indemnity. 296 U.S. 528–531, 56 S.Ct. 334–335, 80 L.Ed. 370.

■ There is no claim here that this matter was compromised with or without the employer's consent. The interests of minors being involved, the third party action went to judgment on the merits, and the contention is that the amount recovered therein did not fall short of the death benefit due the minors under the Longshoremen's Compensation Act. The issue here is as to who shall bear the burden of the necessary cost of that recovery with respect to the item of attorneys' fees. The insurance carrier was the sole beneficiary of the legal services rendered for the plaintiff in the third party action, and it does not appear that it was in any way prejudiced by the judgment; on the contrary, it was greatly benefited by it. The subrogee has accepted the benefits of that recovery, and it should bear its reasonable burdens. 34 Cyc. 370, note 64. It would be a great injustice to the minors for them to have to pay for services that benefited them not at all. The courts draw back from the construction of an ambiguous statute that would lead to unjust results, just as nature draws back from the consistency of one of its laws

that would encase in ice fish at the bottom of a river.

The equitable principle above mentioned is imbedded in Section 933(e), where it operates justly and properly as to both employer and employee. The same formula was not repeated in detail in Section 933(f): nevertheless, the acceptance by Congress of the equitable principle in the case of employers requires a clear legislative expression to the contrary to authorize a departure from that principle by the courts in the case of third party actions by injured employees or their representatives; and that we do not have. The written statute is sufficiently clear and specific as to the distribution of any amount recovered from a third party by the employer, either as assignee or subrogee. The latter shall retain an amount equal to the expenses incurred by him, including a reasonable attorney's fee as determined by the Deputy Commissioner; and it is inconceivable that a harsher rule should apply to the minor children of a seaman in a court of both equity and admiralty jurisdiction, seamen being wards of the admiralty and minors wards of the chancery. A court that can erase (e) and write (f) into a federal statute to avoid an absurd conclusion can certainly refuse to imply that the legislative intent was to discriminate prejudicially against the employee in the distribution of any amount recovered from a third party: all under an act that must be liberally construed in favor of the workman. Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157; Petersburg Sav. & Ins. Co. v. Dellatorre, 5 Cir., 70 F. 643; Burden Central Sugar-Refining Co. v. Ferris Sugar-Mfg. Co., 5 Cir., 87 F. 810; Collins v. Hupp Motor Car Corporation, D.C., 34 F.2d 787.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.