**John C. DAVIS, Appellant,**

v.

**UNITED STATES LINES COMPANY,
Defendant and Third-Party Plaintiff
(Murphy-Cook & Company, Third-Party Defendant and Appellee).**

**No. 12333**

United States Court of Appeals
Third Circuit.

Argued Jan. 21, 1958.

Decided March 11, 1958.

Milton M. Borowsky, Philadelphia, Pa., Abraham E. Freedman, Freedman, Landy & Lorry, Philadelphia, Pa., for appellant.

George E. Beechwood, Philadelphia, Pa. (Joseph J. Murphy, Philadelphia, Pa., Beechwood, Lovitt & Murphy, Philadelphia, Pa., on the brief), for Murphy-Cook & Co.

Before BIGGS, Chief Judge, KALODNER, Circuit Judge, and WRIGHT, District Judge.

WRIGHT, District Judge.

This is an appeal from the judgment of the District Court for the Eastern District of Pennsylvania wherein Appellant, Plaintiff below, was denied the right to allocate between recipients of a settlement a pro rata share of the legal fees incurred in effecting the compromise with the third party tortfeasor, a remedy averred to have been granted by the applicable statutory provisions of the Longshoremen's and Harbor Workers' Act[1] pursuant to which the original cause accrued. The facts are not in dispute.

Appellant, John C. Davis employed as a longshoreman by Murphy-Cook and Company, a stevedoring company sustained injuries during the course of his employment while discharging cargo from a vessel owned and operated by the United States Lines.

Pursuant to the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq. appellant received compensation and medical benefits of $1012.40 from the Liberty Mutual Insurance Company[2] (hereinafter called Liberty), the insurance carrier of Murphy-Cook and Company, appellant's employer. These payments were not the product of a formal compensation award.[3] Thereafter, Davis gave notice that he would elect to sue the United States Lines, third party tortfeasor within the purview of 33 U.S.C.A. § 933(a).

A settlement of $7500 was effected between the principals with the acquiescence of Murphy-Cook and Company and its insurer, Liberty. Subsequently, Liberty demanded from the United States Lines, defendant below, $1012.40, the amount of compensation and medical benefits previously paid to appellant. This request was challenged by Davis unless Liberty would share ratably in counsel fees expended in negotiating the settlement. No amicable accord was reached; consequently, the United States Lines was granted leave of court to deposit the said $1012.40 into court pending judicial distribution of the fund.[4]

For the purpose of delineating the issues it has been stipulated that the net amount of the recovery after deducting litigation costs and counsel fees in-

---

1. 33 U.S.C.A. § 901 et seq.

2. Compensation
   benefits      $220.00  (33 U.S.C.A. §§ 906, 908, 910 and 914)
   Medical
   payments       792.40  (33 U.S.C.A. § 907)
   ───────
   Total
   payments
   received    $1012.40

3. 33 U.S.C.A. § 914(a) provides:
   "Compensation under this chapter shall be paid periodically, promptly, and directly to the person entitled thereto, without an award * * *."

4. $6487.60 was paid to appellant—the difference between the gross settlement of $7500 and the challenged sum $1012.40.

cident to the recovery and all sums paid by Liberty as compensation and medical benefits, exceeded the total sums of monies the plaintiff would have been entitled to receive under the provisions of the Act.[5]

The District Court presented with this record disallowed appellant's application to assess a portion of the litigation costs against Liberty's share in the proceeds.

The outcome of this action is pivoted on a construction of § 933 of the Act.[6] This section is addressed to recoveries against third parties. In pertinent part it affords an employee an election to forego a statutory award in order to prosecute an action against a third party.[7] Acceptance, however, of a formal compensation award acts as an assignment of all rights the employee might have against a non-employer tortfeasor.[8] Any recovery that the employer receives either as a result of a judgment or compromise is distributed in the following manner:[9]

1. The employer retains:

(A) the expenses incurred by him in respect to such proceedings or compromise (including a reasonable attorney's fee as determined by the deputy commissioner);

(B) the cost of all benefits actually furnished by him to the employee under section 907 of this title;

(C) all amounts paid as compensation;

(D) the present value of all amounts thereafter payable as compensation, and the present value of the cost of all benefits thereafter to be furnished under section 907 of this title, to be estimated by the deputy commissioner, and the amounts so computed and estimated to be retained by the employer as a trust fund to pay such compensation and the cost of such benefits as they become due, and to pay any sum finally remaining in excess thereof to the person entitled to compensation or to the representative.

2. The injured employee is entitled to all monies in excess of the sum permitted to be retained by the employer.[10]

If, however, a person entitled to compensation elects to recover damages against a third party tortfeasor and due notice is given as required by the Act, the employer is required to pay as compensation a sum equal to the excess of the amount which the Secretary of Labor determined is payable on account of such injury over the amount recovered from the third party.[11] Essentially, the statute is designed to accord the injured workmen the amount recoverable by way of compensation or through the medium of damages awarded in a plenary suit against a responsible third party[12] whichever sum is larger.

As noted, the Act precisely prescribes the method of distribution of the proceeds where the cause is maintained by the employer. The Act is silent as to distribution when the action is by the employee.[13] It is this void in the statutory language that causes the uncertainty evidenced by this appeal.

---

5. Appellant's Brief and Appendix page 16 (a) stipulation No. 10.
   This finding of fact was necessitated by the holding in Voris v. Gulf Tide Stevedores, Inc., 5 Cir., 1954, 211 F.2d 549, certiorari denied 1954, 348 U.S. 823, 75 S.Ct. 37, 99 L.Ed. 649, where the court confronted with an employee recovery not sufficient to cover litigation costs permitted the employer credit only for the net amount of the proceeds received.

6. 33 U.S.C.A. § 933.

7. 33 U.S.C.A. § 933(a).

8. 33 U.S.C.A. § 933(b).

9. 33 U.S.C.A. § 933(e) (1).

10. 33 U.S.C.A. § 933(e) (2).

11. 33 U.S.C.A. § 933(f) see Voris v. Gulf Tide Stevedores, 5 Cir., 1954, 211 F.2d 549, certiorari denied 1954, 348 U.S. 823, 75 S.Ct. 37, 99 L.Ed. 649.

12. Recovery from a third party in a damage action also encompasses any amounts produced by a settlement of the claim which has been approved by the employer.

13. 33 U.S.C.A. § 933(f) and 33 U.S.C.A. § 933(g) the applicable statutory provisions are silent as to the method of distributing proceeds recovered in a third party action prosecuted by the employee.

Only the case of Fontana v. Pennsylvania Railroad[14] can be deemed to have been decided squarely on point. There libelant, Thomas Fontana, sued a third party for injuries sustained while engaging in his activities as a stevedore. Libelant's employer intervened and asserted a lien against the proceeds of a settlement with respondent for the amount previously paid for compensation and medical expenses. Two questions were presented to the District Court:

(1) Was the employer entitled to reimbursement from the compromise settlement even though the payments for compensable injuries were not pursuant to an award?

(2) If the court allowed reimbursement, should not libelant be permitted to deduct ratably legal fees incurred in procuring the settlement?

The District Court decided the first issue in the affirmative citing this Circuit's decision in The Etna.[15] Similarly, libelant was not permitted to allocate to his employer any part of the litigation costs. After setting forth the statutory scheme pertinent to recovery by an employer the court stated:[16]

"There is no reason why a recovery obtained against the third party by the employee rather than the employer should be distributed differently. The expense of securing the recovery is, as in equity it should be, a first charge against the fund itself. As such it is immaterial whether the fund was created in a suit brought by the employer or one brought by the employee. Huron, the employer, is therefore entitled to receive out of the $4,000 settlement, its compensation and medical expense payments, without deduction for attorneys' fees or other litigation costs."

To adopt appellant's position and thereby renounce the rule of Fontana would be to rob the statute of symmetry and logic. It would seem that if Congress intended to prefer employee third party actions such purpose would have been articulated. Congressional silence in no way can be construed as creating the result appellant suggests.

The injured employee, by reason of the Act is adequately provided for and is placed in a better position than the ordinary litigant prosecuting a civil action. An employee covered by the statute is guaranteed a minimum recovery despite any finding of fault on his part.[17] Moreover, he can resort to his civil rights under appropriate circumstances to effect a recovery, and collect compensation benefits at the same time, absent a board award.[18] Furthermore, he may accept a board award and also share in any monies received by his employer if recovery from the third party exceeds the expenses of litigation.[19] The device ultimately pursued is peculiarly within the dominion of the injured employee. In addition to these advantages bestowed by the statute, it is now advanced that the measure of recovery should be greater if an employee pursues the cause rather than an employer.

The Court will not, absent Congressional direction, sanction inconsonant standards of relief dependent upon the party bringing suit.

The judgment of the District Court will be affirmed.

14. D.C.S.D.N.Y.1952, 106 F.Supp. 461, 464, affirmed 2 Cir., 1953, 205 F.2d 151 certiorari denied Fontana v. Huron Stevedoring Corp., 1953, 346 U.S. 886, 74 S.Ct. 137, 98 L.Ed. 390.

15. The Etna, 3 Cir., 138 F.2d 37.

16. D.C., 106 F.Supp. 461, 464.

17. 33 U.S.C.A. § 904(b) states: "Compensation shall be payable irrespective of fault as a cause for the injury."

18. See note 3, supra.

19. 33 U.S.C.A. § 933(e).