INDEPENDENT STEVEDORE COMPANY, Plaintiff,

v.

John F. STOCKER, Deputy Commissioner, Fourteenth Compensation District, Bureau of Employees' Compensation, U. S. Department of Labor, James F. Hammons, Jr., Defendants.

Civ. No. 67–148.

United States District Court
D. Oregon.
Jan. 24, 1968.

Gray, Fredrickson & Heath, Portland, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Jack G. Collins, Asst. U. S. Atty., Portland, Or., for defendant Stocker.

Pozzi, Levin & Wilson, Portland, Or., for defendant Hammons.

## OPINION AND ORDER

SOLOMON, Chief Judge:

Independent Stevedore Company seeks to reduce the award of compensation which the Deputy Commissioner granted pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq.

The Deputy Commissioner awarded James F. Hammons, Jr., $4,032.00 compensation, but reduced it to $2,028.11 by crediting Independent Stevedore Company with $2,003.89, the net amount which Hammons received from a third party action. This was done pursuant to Section 933(f) of the Act. 33 U.S.C. § 933(f). Hammons recovered $5,554.44 in the third party action. Out of this recovery he paid Independent Stevedore Company $1,925.81 for past compensation and he paid $1,624.74 for attorneys' fees and litigation expenses. His net recovery was $2,003.89, the amount credited.

The defendants seek summary judgment. The sole issue is whether the Deputy Commissioner properly deducted Hammons' attorneys' fees and litigation expenses to determine Hammons' net third party recovery. Independent Stevedore Company contends that this deduction erroneously reduced its credit.

In Voris v. Gulf-Tide Stevedores, 211 F.2d 549 (5th Cir. 1954), the minor children of the deceased employee recovered $13,500.00 in the third party action. From this amount the Court deducted $1,742.58 (past compensation due the employer) and $3,900.00 (attorneys' fees paid by the children). The Court held that $7,857.42 (the remainder) was the amount the children had recovered in the third party action for purposes of Section 933(f) of the Act. The Court credited the employer with this amount against future compensation payments.

Globe Indemnity Company v. Calbeck, 230 F.Supp. 14 (S.D.Texas 1960), involved an analogous situation. In that case, the employee fell off a barge and drowned. The father of the deceased employee first secured a State Workmen's Compensation award of $6,550.00. Attorneys' fees and expenses of $1,630.65 were paid from this award. The father then obtained a compensation award under the Longshoremen's and Harbor Workers' Act. The employer sought credit under 33 U.S.C. § 914(k) for the amount paid in the State proceedings, without deduction of attorneys' fees. The Court held that the amount recovered was to be determined after deduction of the attorneys' fees.

Independent Stevedore Company's reliance on Ballwanz v. Jarka Corporation of Baltimore, 382 F.2d 433 (4th Cir. 1967), is misplaced. This decision does not consider whether attorneys' fees should be deducted from the third party recovery to determine an employee's net recovery for purposes of Section 933 of the Act. Independent Stevedore Company's reliance on Judge Brown's dissenting opinion in Strachan Shipping Company v. Melvin, 327 F.2d 83 (5th Cir. 1964) is also misplaced. *Strachan Shipping* did not involve the issue now before me, and Judge Brown noted that the result in Voris v. Gulf-Tide Stevedores, supra, was essential to insure that the injured workman received his minimum benefits under the Act.

In my opinion, the Deputy Commissioner properly deducted Hammons' legal expenses to determine the credit to be given Independent Stevedore Company for Hammons' recovery in the third party action. I am not completely satisfied

**356**

with the result because in effect it means that Independent Stevedore must pay Hammons' legal expenses in the third party action. However, I am limiting this decision to a situation in which the third party recovery is insufficient to cover compensation subsequently awarded to the employee. The result is necessary to insure that the employee actually receives the minimum benefits which Congress intended him to receive under the Compensation Act.

The Deputy Commissioner's award is proper. The defendants' motion for summary judgment is granted and the action is dismissed.