**Nancy C. CALLAGHAN, Plaintiff,**

v.

**EASTERN AIR LINES, INC., et al.,
Defendants.**

**Civ. A. No. 3777.**

United States District Court
E. D. Virginia,
Alexandria Division.

June 18, 1968.

Plato Cacheris, Alexandria, Va., for plaintiff; Laidler B. Mackall, Washington, D. C., of counsel.

James C. Gregg, Arlington, Va., for defendant Travelers Ins. Co.; Hugh Lynch, Jr., Washington, D. C., of counsel.

### MEMORANDUM OPINION

OREN R. LEWIS, District Judge.

The plaintiff in this action wants the Court to require Travelers Insurance Company to pay its proportionate share of attorneys' fees and court costs incurred by her in recovering workmen's compensation benefits Travelers had theretofore paid her. Travelers was

made a party defendant in this third-party action by amended complaint.

The evidence discloses that Travelers had paid the plaintiff $2,627.25 as workmen's compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. Some time thereafter plaintiff brought a third-party action against the Eastern Air Lines and the United States for the injuries thus sustained.

Travelers notified Eastern of its subrogated lien for the amount it had paid the plaintiff some time prior to the time the plaintiff settled the third-party action for $21,000.00. Eastern paid $20,000.00 and the United States paid $1,000.00. The plaintiff's contingency fee contract provided that she pay her attorneys one-third of the amount of any settlement or judgment, plus litigation expenses.

Travelers' lien for workmen's compensation benefits paid equals 12.51 per cent of the plaintiff's total recovery of $21,000.00. Travelers refused to pay any part of plaintiff's counsel fees and court costs and demanded full payment of its subrogated lien from the settlement received by the plaintiff. The insurance carrier claimed it did not employ the plaintiff's attorneys or authorize the plaintiff to incur any legal expense in its behalf in collecting its subrogated lien, and moved to dismiss the amended complaint against it.

■ The Longshoremen's and Harbor Workers' Compensation Act subrogates the insurance carrier to all the rights of the employer for workmen's compensation benefits paid. The Act further grants the injured employee the right to institute a third-party action. If the injured employee does not institute such an action the insurance carrier may so do, in which event the carrier can retain an amount equal to all amounts paid as compensation. § 933(e) (1) (C). The Act, however, is silent as to whether the insurance carrier can be required to pay its proportionate share of the litigation expenses if suit is instituted by the injured employee against third parties.

The Fourth Circuit has not ruled on this precise question. The District of Maryland, in Oleszczuk v. Calmar Steamship Corp., 163 F.Supp. 370, 371, has ruled that the insurance carrier in such a case is entitled to receive the full amount of its lien. The District of Columbia Circuit likewise requires the full amount of the lien to be paid out of the proceeds received in third-party actions. See Ashcraft and Gerel v. Liberty Mutual Insurance Company, 120 U.S.App. D.C. 51, 343 F.2d 333. These courts follow the rationale first adopted by the Third Circuit. See Davis v. United States Lines Company, 253 F.2d 262. The Fifth Circuit holds to the contrary. See Strachan Shipping Company v. Melvin, 327 F.2d 83.

Under the facts of this case this Court is inclined to follow the rule as enunciated by the District of Maryland and the District of Columbia and Third Circuits.

■ The plaintiff knew or should have known at the time she instituted the third-party action that she was liable for the full repayment of the amount she had received as workmen's compensation benefits if she were successful in her third-party action. The fact that she entered into a contract agreeing to pay her lawyers one-third of the total amount recovered is not binding on the insurance carrier that paid the compensation benefits. She cannot recoup any of the legal expenses thus incurred from the insurance carrier. The insurance carrier had a statutory lien for the amount of compensation benefits paid without any depletion for unauthorized attorneys' fees.

The attorneys for the plaintiff neither advised Travelers that they had instituted a third-party action nor sought permission to represent it in the premises. They have not done anything for the benefit of the compensation insurance carrier which would entitle them to an attorney's fee. Travelers' lien was perfected and filed in this case by attorneys

representing the insurance carrier, not by the attorneys who represented the plaintiff in the third-party proceedings.

Travelers' motion to dismiss the amended complaint will be granted and the $2,627.25 now on deposit in the registry of this Court will be paid to Travelers Insurance Company on the presentation of an appropriate order.