**NACIREMA OPERATING COM-
PANY, Inc.**

and

**Liberty Mutual Insurance Company,
Plaintiffs,**

v.

**Jerry C. OOSTING, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Fifth Compensation District, Defendant.**

**Civ. A. No. 482–70–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

Jan. 20, 1971.

Vandeventer, Black, Meredith & Martin, Walter B. Martin, Jr., Norfolk, Va., for plaintiffs.

Brian P. Gettings, U. S. Atty., Norfolk, Va., for defendant.

## OPINION

KELLAM, District Judge.

Nacirema Operating Company, Incorporated (Nacirema) and Liberty Mutual Insurance Company (Liberty) instituted this proceeding pursuant to the provisions of Title 33, § 901 et seq., U.S.C.A., and subsequent sections, more particularly § 921(b), known as the Longshoremen's and Harbor Workers' Compensation Act, to modify, suspend or set aside, in whole or in part, an award entered against them by defendant. The order appealed from fixed the amount of the additional deficiency compensation due Robert M. Allmond under the provisions of the aforesaid Act, after credit on ac-

count of recovery against a third party tortfeasor. The order appealed from credited against the award the amount of the third party recovery less the amount of the attorney's fee and expenses of litigation incurred by employee. The employer and insurer plaintiffs assert they are entitled to credit for the total recovery without deduction for such expenses of the suit.

The facts are not in dispute. Allmond filed suit in this Court against "El Yam" Bulk Carriers (1967) Ltd., owner of the vessel. The owner impleaded Nacirema as a third party defendant. Allmond recovered a compromise settlement of $112,170.00. The insurance carrier's lien for compensation was $2,170.00, and medical expenses incurred amounted to $8,123.55, for a total of $10,293.55. Allmond paid his attorney $37,025.35 as attorney's fee and expenses, leaving a balance to Allmond of $64,851.10. Plaintiffs assert they are entitled to have the sum of $101,876.45 credited against the award, rather than the net sum after attorney's fee and expenses of $64,851.-10.

Title 33, § 933, U.S.C.A. entitled "Compensation for injuries where third persons are liable," provides, in part, that where an injured party determines a third party is liable for his injuries, he may accept compensation and also bring his action against such third party, if action is instituted within six months after the award. If action is not brought by the employee within the six months period, the employer may bring the action.[1] Sub-section (e) of that section provides for distribution of any recovery when the employer brings the action. Sub-section (f) provides:

If the person entitled to compensation institutes proceedings within the period prescribed in subdivision (b) of this section the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death *over the amount recovered against such third person.* (Italics added.)

The Act makes no provision for the employer and/or insurance carrier to pay its proportionate share of the litigation expenses when suit is instituted by the injured employee against the third party. The Act gives the employer and/or insurance carrier a statutory lien for the amount of compensation benefits, and where the employee institutes suit and perfects a recovery, "the employer shall be required to pay as compensation * * a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury * * * over the amount recovered against such third person." The statute refers to the amount recovered against such third person, not the sum ultimately received by the employee.

The question here in issue was before the Court in Ballwanz v. Jarka Corporation of Baltimore, 382 F.2d 433 (4th Cir. 1967); Haynes v. Rederi A/S ALADDIN, 362 F.2d 345 (5th Cir. 1966); Riddick v. Rederi A/B FREDRIKA, 271 F.Supp. 360 (E.D.Va.1967); Callaghan v. Eastern Air Lines, Inc., 286 F.Supp. 8 (E.D.Va.1968); Russo v. Flota Mercante, etc., 303 F.Supp. 1404 (S.D.N.Y. 1969); Oleszczuk v. Calmar Steamship Corp., 163 F.Supp. 370 (D.C.Md.). *See also* Davis v. United States Lines, 253 F.2d 262 (3d Cir. 1958); Ashcraft and Gerel v. Liberty Mutual Insurance Co., 120 U.S.App.D.C. 51, 343 F.2d 333 (1965).

In the *Ballwanz case, supra,* Chief Judge Haynsworth was dealing with "the right of an attorney for an injured longshoreman to a fee at the expense of the stevedore under the * * * Act." At page 436, he said:

The quite evident purpose of the statute was to assure the injured longshoreman that he would receive not less than the medical benefits and com-

1. Subsection (h) provides that where the employer is insured and the insurance carrier has assumed the payment of compensation, it is subrogated to the rights of the employer.

pensation prescribed by the Act. Provision was made for a potential dividend or bonus to him through a third party action, *but his interest clearly extends only to the excess over the employer's disbursements under the Act and his related litigation expenses.* It is both reasonable and consistent with the statutory purpose to require that the longshoreman's lawyer have his compensation measured by and payable out of that interest when he proceeds without leave of the employer.

This is particularly true in the usual situation when the third party claim is against the ship and the ship is almost certain to have or assert a claim of indemnity against the stevedore. In those cases, the longshoreman's action is adverse and antagonistic to the stevedore. The stevedore must appear in opposition by its own counsel, and the longshoreman's lawyer has no interest in and is incapable of faithful representation of the employer's interest. In that situation, counsel for the longshoreman ought not to have his fee measured by or payable out of any incidental credit received by the stevedore as a result of the litigation. (Italics added.)

For the reasons set out above the Court "concluded that the stevedore's credit for compensation disbursements is not chargeable with any contribution to the fees of the longshoreman's lawyers." [382 F.2d 437].

In the *Riddick case, supra,* there was a verdict in favor of the longshoreman for $1,500.00. The insurance carrier for the stevedore sought satisfaction of its lien of $1,821.78, which represented sums paid under provisions of the Act. Riddick's attorneys asserted a lien for their fees. The Court held "that the lien of the compensation insurance carrier takes precedence over that of plaintiff's attorney." There, like in the case at bar, was no suggestion plaintiff's attorneys were maintaining the action for the benefit of the stevedore or its compensation carrier. They employed their own lawyer.

In the *Callaghan case, supra,* the Court pointed out that the "plaintiff knew or should have known at the time she [he] instituted the third-party action that she [he] was liable for the full repayment of the amount she [he] had received as workmen's compensation benefits if she [he] were successful in her [his] third-party action." The Court further pointed out that the fact plaintiff agreed to pay her lawyers one-third of any recovery did not bind the insurance carrier. Plaintiff "cannot recoup any of the legal expenses thus incurred from the insurance carrier." [286 F.Supp. 9].

As was pointed out in Haynes v. Rederi, *supra,* Title 33, § 933, U.S.C.A. "makes it clear that the compensation insurer shall recover in full [2] its payments from the total [3] recovery obtained by the injured workman from a third party defendant, regardless of what that recovery replaces or is termed by the court." [362 F.2d 350]. And continuing in the opinion, the Court said, we "hold that TEIA [4] is entitled to reimbursement from all damages awarded appellant [5] in his third party suit." [362 F.2d 350].

In Ashcraft and Gerel v. Liberty Mutual Insurance Company, 120 U.S.App. D.C. 51, 343 F.2d 333 (1965),[6] there was an attempt to recover an attorney's fee from a workmen's compensation insurance carrier for pressing an injured employee's claim against a third party. The Court pointed out that in enacting the Longshoremen's and Harbor Workers' Act, and the provisions as to who might bring suit, Congress said that, "if the employee sued, the employer's compensation liability would be restricted to

---

2. *In full* italicized.

3. *Total* italicized.

4. The insurance carrier.

5. Injured longshoreman.

6. Chief Justice Burger, then Circuit Judge, was a member of the panel.

any excess of that liability over the amount recorded." [7]   [343 F.2d 336].

Lastly, in the *Russo case, supra,* the longshoreman recovered a judgment for $8,500.00 against the shipowner. The compensation insurance carrier for the stevedore sought to recover the total award to be applied to the sum of $10,-625.95 paid by it pursuant to the provisions of the Longshoremen's and Harbor Workers' Act. Plaintiff's attorney opposed the motion, asserting he had a prior lien for attorney's fee and that such fee must be paid out of the $8,500.00 recovery before the claim of Michigan Mutual, the liability carrier, attaches. The Court said:

> The attorney, however, was retained exclusively to secure a benefit for plaintiff, the injured longshoreman who, by instituting suit, obviously hoped to secure a recovery over and above the minimum compensation guaranteed and already paid to him as a ward of Admiralty under the Longshoremen's Act. In undertaking and prosecuting the action, his attorney was aware not only of the carrier's lien but of the possibility that the suit might result in a recovery over against plaintiff's employer, the third-party defendant. It cannot be said that he undertook to render services for the benefit of the employer or its compensation carrier, since their interests were adverse to those of plaintiff and they in fact opposed plaintiff's suit, thereby negating any inference that they considered plaintiff's attorney to be acting for them. To permit plaintiff's attorney to recover his contingent fee claim would be to reward him, even though he has been unsuccessful in benefitting his only client, at the expense of the carrier which has already paid out the minimum compensation guaranteed to plaintiff under the Longshoremen's Act. Accordingly, the attorney's claim of priority must be rejected. Fontana v. Pennsylvania R. R. Co., 106 F.Supp. 461, supra;

Davis v. United States Lines, 253 F.2d 262 (3d Cir. 1958); Haynes v. Rederi A/S Aladdin, 362 F.2d 345 (5th Cir. 1966); Riddick v. Rederi A/B Fredrika, 271 F.Supp. 360 (E.D.Va.1967).

The defendant relies strongly on Voris v. Gulf-Tide Stevedores, 211 F.2d 549 (5th Cir. 1954), cert. denied 348 U.S. 823, 75 S.Ct. 37, 99 L.Ed. 649, and Strachan Shipping Co. v. Melvin, 327 F.2d 83 (5th Cir. 1964). But the Fifth Circuit in Haynes v. Rederi A/S ALADDIN, *supra,* referring to *Voris* and *Melvin* cases said that in those cases it had honored the age-old equitable principle that one who creates a fund for the benefit of another was entitled to reimbursement for reasonable costs incurred. The Court then said that such principle applies only "when the circumstances are such as that parties sought to be held liable for fees can be said to have either expressly or impliedly accepted the attorneyship and its benefits," and "normally a mere incidental advantage resulting to a fund by reason of adverse litigation furnishes no basis for charging the attorney's fees of one of the parties against the fund." [362 F.2d 351]. In the *Haynes case,* the Court pointed out that the liability insurance company had employed its own counsel to preserve its position during the litigation, and that such counsel did actively assert its rights. The same situation exists in the case at bar. The reasoning in the *Hayes case* followed much of the dissenting opinion of Chief Judge Brown in the *Melvin case.* Chief Judge Haynsworth pointed out in the *Ballwanz case, supra,* that the position of the majority in Strachan Shipping Co. v. Melvin, *supra,* "runs counter to the entire course of decision elsewhere" and furnishes no basis for following it, in view of the "subsequent decision of a different panel of the Fifth Circuit in Haynes v. Rederi A/S Aladdin."

Here, the third party was represented by its own counsel who participated in the proceedings. At no time did the stevedore, either expressly or impliedly,

7. Court probably meant "recovered."

accept the attorneyship or services of employee's counsel. Here the action by employee-longshoreman was against the ship, and the ship sought indemnity from the stevedore. The action of the longshoreman was adverse and antagonistic to the stevedore. The stevedore was required to appear with its own counsel in opposition. The longshoreman's attorney certainly did not represent the stevedore, nor did he have any interest in representing the stevedore. He could not have in good faith done so. Being responsible to bear the cost of its own defense, why should the stevedore also have to bear the cost of plaintiff's representation.

Defendant's motion for summary judgment is denied. All parties agree that no further facts or exhibits are to be presented herein, nor is any further argument desired. Plaintiffs are entitled to the relief sought, namely, to have the compensation order of the Deputy Commissioner amended in accordance with this opinion. Counsel will within fifteen days present a proper order to accomplish such purpose.