OPINION OF THE COURT
Stanley S. Ostrau, J.
Plaintiff is an attorney who represented one Isaac Perrero in an action brought under the Longshoremen’s and Harbor Workers’ Compensation Act and now claims a fee with respect to the recovery by the defeñdant of its compensation lien. Perrero, while employed on a vessel operated by Farrell Lines, Inc., was injured. Under the terms of its policy with the stevedore employer, defendant paid Perrero $50,887.73 for disability and medical compensation payments. Perrero brought an action against Farrell Lines, Inc., and the case was settled for $195,590.30 on May 5, 1979. On July 5, 1979, defendant insurance carriers’ compensation lien, which had been reduced, was satisfied by payment to it of $45,590.30. The remainder was paid to Perrero.
*579 Plaintiff now claims that he is entitled to part of the lien as compensation for the legal services in effecting the recovery of the lien. Defendant disputes this, citing Bloomer v Liberty Mut. Ins. Co. (445 US 74), that the present plaintiff is not entitled to any fee where the settlement fund is sufficient to pay both attorney’s fees and the compensation lien.
Plaintiff supports his position with the decision by Judge Stewart, who on a petition of removal remanded this action to the State court, denied the petition on the grounds that the action had been brought under State equity doctrine and as such there was no Federal question. Plaintiff also argues that Bloomer v Liberty Mut. Ins. Co. (supra) is inapplicable to this action by citing a footnote to that decision which he believes makes this action subject to New York’s laws on workers’ compensation.
Defendant, however, argues that even though the action has been remanded to the State court the underlying action of the longshoreman was brought under the Longshoremen’s and Harbor Workers’ Compensation Act (US Code, tit 33, § 901 et seq.) and therefore any action concerning the compensation lien would be governed by applicable Federal maritime statutes and case law.
This court agrees with the defendant. The action is one for fees claimed against the insurance carrier’s lien and as such may be adjudicated in a State forum. However, this action arose out of a settlement of the underlying action, the genesis of which arose from and was brought under Federal maritime law. It matters not where such an action is tried, Federal or State forums, the main action was and must be governed by the appropriate Federal laws. All of the rights and remedies of the parties are derived from and are determined by the applicable Federal law (Kermarec v Compagnie Generate, 358 US 625). It logically follows, therefore, that any action arising out of an underlying Federal action, though brought in a State forum, is governed and determined by that Federal law. Additionally, it is this court’s opinion that the footnote cited in Bloomer v Liberty Mut. Ins. Co. (445 US 74, 88, n 15, supra), is being misread by plaintiff. That note states that the Supreme Court’s decision was not meant to affect the power of an *580 equity court to charge beneficiaries with a proportionate share of the costs in creating a common fund. It then cites certain State laws, including New York, on workers’ compensations which require proportional sharing of legal expenses. This court believes that such a note was added so as to explain that the Bloomer case while interpreting the law concerning maritime cases would have no effect on cases involving workers’ compensation statutes which are usually brought in a local State forum.
Having found that this action is governed by Federal maritime law it is readily apparent that the recent decision of Bloomer v Liberty Mut. Ins. Co. (supra) is determinative of this action. In that case, under facts somewhat similar to this case, the court held a stevedore’s lien for an amount of its compensation payment to an injured longshoreman against his recovery in a negligence action may not be reduced by an amount representing the stevedore’s proportionate share of the longshoreman’s legal expenses in obtaining a recovery from the shipowner. The court further held that to find otherwise would enable the longshoreman to receive a sum in the full amount of his recovery against the shipowner plus an additional supplement of the stevedore’s contribution to his legal costs. “This supplement would represent a windfall in excess of the amount the longshoreman received as compensation for the injuries he has suffered.” (Bloomer v Liberty Mut. Ins. Co., supra, p 87.)
Having determined that this action is governed under Federal law and that a recent Supreme Court decision forbids a claim for attorney’s fees against the compensation lien when the settlement fund is ample to pay both the lien and attorney’s fees, this court is constrained to grant the motion for summary judgment.