DIEGO BARILLA, PLAINTIFF, v. LEE & PALMER, INC., DEFENDANT-APPELLANT.

SEA–LAND SERVICE, INC., PLAINTIFF-IN-INTERVENTION-RE-SPONDENT v. LEE & PALMER, INC., DEFENDANT-APPEL-LANT AND DIEGO BARILLA, PLAINTIFF.

Superior Court of New Jersey
Appellate Division

Argued December 19, 1989—Decided January 19, 1990.

Before Judges ANTELL, BILDER and ASHBEY.

*Robert J. Kovacs* argued the cause for appellant Lee & Palmer, Inc. (*Ronca, McDonald & Hanley,* attorneys; *Joseph F. Trinity,* on the brief).

*Keith L. Flicker* argued the cause for plaintiff-in-intervention Sea–Land Service, Inc. (*Coti & Flicker,* attorneys; *Keith L.*

*Flicker, Richard L. Garelick* and *Susan M. Dorgan,* on the brief).

Plaintiff Diego Barilla did not participate in the appeal.

The opinion of the court was delivered by

BILDER, J.A.D.

On this appeal we are asked to decide whether an injured worker, covered by the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 *U.S.C.A.* 901 *et seq.,* and a third-party tortfeasor insured by a bankrupt liability carrier whose responsibilities have been assumed in part by the New Jersey Property–Liability Insurance Guaranty Association (Guaranty Association), may settle their dispute free of the employer's lien claim for reimbursement of the compensation benefits paid under the Act. A brief review of the LHWCA and the factual setting is necessary to an understanding of the issue.

An overview of the LHWCA has been succinctly furnished by Justice Marshall in *Bloomer v. Liberty Mutual Ins. Co.,* 445 *U.S.* 74, 74–75, 100 *S.Ct.* 925, 925–926, 63 *L.Ed.*2d 215 (1980).[1]

> Under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat 1424, as amended, 33 USC §§ 901 et seq. [33 USCS §§ 901 et seq.], a longshoreman is entitled to receive compensation payments from his stevedore for disability or death resulting from an injury occurring on the navigable waters of the United States.
>
> If the longshoreman believes that his injuries warrant a recovery in excess of the compensation provided under the Act, he may also bring a negligence action against the owner of the vessel on which the injury occurred. The longshoreman's recovery from the shipowner is subject to the stevedore's lien in the amount of the compensation payment.

The relevant facts can be set forth briefly. Plaintiff Diego Barilla was injured when he slipped and fell on an icy ramp while employed as a longshoreman by intervenor Sea–Land Service, Inc. As a result, he received from his employer, a self-insurer, LHWCA compensation for medical expenses and

---

[1]For a more complete description, *see Peters v. No. River Ins. Co. of Morristown, N.J.,* 764 *F.*2d 306, 309–314 (5th Cir.1985).

lost wages of $35,957.64. Thereafter, plaintiff brought a third-party action against defendant Lee & Palmer, Inc., the company responsible for maintaining the area in which he fell.

Defendant was insured for this type of liability by the now bankrupt Midland Insurance Company. Pursuant to the New Jersey Property–Liability Insurance Guaranty Association Act, *N.J.S.A.* 17:30A–1 *et seq.*, the Guaranty Association has, subject to statutory limitations, assumed the obligations of that insolvent carrier. It is the statutory limitations on the Guaranty Association's obligations which give rise to the question with which we are presented.

The Guaranty Association is a statutory creation intended to provide protection to policyholders of insurance companies that become insolvent. *See Railroad Roofing, etc., Co. v. Financial Fire & Cas. Co,* 85 *N.J.* 384, 389 (1981). It is patterned after a model bill, *id.* at 391; its protection, of practical necessity, is limited. Thus, for example, its coverage is limited to $300,000, *see N.J.S.A.* 17:30A–8a(1), and, as important to this appeal, excludes, *inter alia,* claims which are due to "any reinsurer, insured, insurance pool, or underwriting association, as subrogation recoveries or otherwise;", *see N.J.S.A.* 17:30A–5d.

Plaintiff's suit against Lee & Palmer has been tentatively settled. The settlement is contingent upon obtaining a court ruling declaring the proceeds free and clear of Sea–Land's $36,000 odd LHWCA lien. To this end, defendant brought what it entitled "a motion to protect settlement." Plaintiff joined and Sea–Land intervened. Other procedural activity ensued which did not significantly affect the issue; nor did the employment of irregular procedural techniques. Although denominated differently, we are satisfied the parties were seeking a declaratory judgment. The appellant, third-party tortfeasor, and the employee contend that the foregoing statutory bar of payments to insurers by the Guaranty Association permits such an arrangement.

## I.

In a written opinion of July 10, 1989, the trial judge refused the relief. He held that Sea–Land would be entitled to enforce its LHWCA lien against the settlement. We agree, although not necessarily for the reasons expressed therein.

We start, as did the trial judge, with the precept of federal supremacy. Sea–Land's rights with respect to its lien are governed by applicable federal statutes and case law. *See Isaacson v. Aetna Cas. & Sur. Co.*, 115 *Misc.*2d 578, 579–580, 454 *N.Y.S.*2d 369, 370–371 (Sup.Ct.1982). As a matter of federal law, it is well established that the LHWCA entitles an employer to full reimbursement from any recovery by the compensated employee from a third party tortfeasor. *See Bloomer v. Liberty Mutual Ins. Co., supra*, 445 *U.S.* at 86, 100 *S.Ct.* at 932. Anything less is considered to permit double recovery by the employee, a windfall not intended by Congress. *Ibid.* Thus the LHWCA lien is not subject to a reduction by a proportionate share of the employee's expenses in obtaining a recovery from a third party, *id.* at 85–88, 100 *S.Ct.* at 931–933; nor is it subject to a reduction by reason of a comparative negligence verdict that reduces the medical and lost wage component of the employee's third party recovery to a sum less than the compensation lien, *Hayden v. Kerr–McGee*, 787 *F.*2d 1000 (5th Cir.1986). A partial settlement, which is intended to represent only that part of the employee's third party claim in excess of the lien and preserves the lien increment for litigation by the employer, is not free of the LHWCA lien. *Peters v. No. River Ins. Co. of Morristown, N.J., supra.* The employer's lien attaches to the recovery, however denominated, *id.* at 319, unless the settlement provides for direct payment of the lien claim by the employer without further litigation, *id.* at 321. And the lien is applied in full to a recovery even when that recovery, as a matter of local law, is limited to noneconomic loss and does not duplicate the LHWCA benefits. *Session v. I.T.O. Corp. of Ameriport*, 618 *F.Supp.* 325 (D.N.J.1985), aff'd

800 *F.*2d 1138 (3rd Cir.1986), *cert.* den. 479 *U.S.* 1086, 107 *S.Ct.* 1290, 94 *L.Ed.*2d 147 (1987) (involving Tort Claims Act). The lien has been described as "inviolable". *See Peters v. No. River Ins. Co. of Morristown, N.J., supra* at 312.

■ In the instant case, plaintiff and defendant seek a determination that plaintiff can settle with the Guaranty Association and the settlement funds will be free of the LHWCA lien because those funds are, by virtue of the Guaranty Association statute, unavailable to satisfy that lien. Plaintiff and defendant would categorize such settlement payments as representing, as a matter of local law, an excess over and above the lien. They would seek to preserve the employer's lien by recognizing the right given by the New Jersey Property–Liability Insurance Guaranty Act to subrogees to file a claim with the receiver of the insolvent insurer. *See N.J.S.A.* 17:30A–5d. Their theory is that the right is preserved and may be pursued against the receiver.

As noted, the federal cases have made it clear that the lien is inviolable, *see Peters v. No. River Ins. Co. of Morristown, N.J., supra,* and that the employee's cause of action is to be treated as a unitary one, *id.* at 316. The employer is entitled to recover its full compensation lien from the recovery the employee obtains, however labeled. *Id.* at 318; *Session v. I.T.O. Corp. of Ameriport, supra.*

In *Peters* plaintiff sought to settle his third-party action independently of the employer's lien. Much like the present parties, the employee and the third party tortfeasor specifically preserved the employer's rights to pursue the compensation lien. As part of the settlement, the third party tortfeasor was obligated to either settle or litigate the lien claim. *Id.* at 309. The Fifth Circuit rejected the notion the employer and the employee had independent claims; the former to reimbursement and the latter to the surplus. *Id.* at 319. It held that both were part of the same claim and that the employer's lien

attached to the funds paid in settlement, however labeled. *Id.* at 308, 321.

The *Session* case is in many respects even more similar to the case before us. In that case, plaintiff having received LHWCA benefits from his employer, sought third party recovery from the South Jersey Port Corporation, a New Jersey corporation and a public entity within the meaning of our Tort Claims Act. As such, South Jersey was not liable to Session for injuries that were compensable from the employer under the Act.[2] While acknowledging compensation from South Jersey would not be double recovery, the court held it was bound to apply the Act's unambiguous language and declared any recovery subject to the employer's lien. *Id.* at 329.

The United States Supreme Court dealt the same way with a similar question under an analogous statute. *United States v. Lorenzetti*, 467 *U.S.* 167, 104 *S.Ct.* 2284, 81 *L.Ed.*2d 134 (1984). In that case, an FBI agent was injured in a Pennsylvania automobile accident while on official business. He received medical expenses and lost wages under the Federal Employees Compensation Act, 5 U.S.C.A. 8101 *et seq.* Thereafter, he sued the driver of the other car under Pennsylvania's No-Fault Act, which bars recovery for economic losses which are not otherwise compensable. The question presented to the Supreme Court was whether the United States might recover its FECA payments for medical expenses and lost wages where the third-party tort recovery compensates him solely for noneconomic losses like pain and suffering. *See United States v. Lorenzetti, supra* at 169, 104 *S.Ct.* at 2286. Applying principles very much congruent with those recognized to exist with respect to the LHWCA, the court held that plaintiff's employer (*i.e.*, the United States) was entitled to reimbursement "out of any damages award or settlement made in satisfaction of

---

[2]Any award must have deducted from it any amounts which duplicate such benefits. *N.J.S.A.* 59:9-2(e).

third-party liability for personal injury or death, regardless of whether the award or settlement is for losses other than medical expenses and lost wages." *Id.* at 179, 104 *S.Ct.* at 2291.

## II.

In its opinion the trial court discussed the preemptive effect which the LHWCA might have on the Guaranty Association Act. The Law Division judge concluded he could not apply that statute to preclude Sea–Land from asserting its lien against the settlement proceeds. As already noted, we agree. But we hasten to add that this is not because of any preemption of the state statute. The purpose of the Guaranty Association Act is quite different from the LHWCA. It is unaffected by it. The Guaranty Association Act does not impair Sea–Land's right to obtain recovery, only Lee & Palmer's right to indemnification.

The LHWCA does not require that the Guaranty Act pay a claimant nor that the Guaranty Act recognize what it describes as subrogation recoveries. The LHWCA acts only on the employee—or, more properly, on the employee's recovery. Nothing in the federal legislation requires that an insolvent carrier's obligations be assured—that is strictly a matter of local law. But if the plaintiff obtains a recovery, by settlement or litigation, whether through the Guaranty Association or otherwise, Sea–Land's LHWCA lien attaches.

Affirmed.