George D. MALEFANT Plaintiff,

. v.

**BEATTY STREET PROPERTIES, INC. and M/V HOUSTON PILOT BOAT NUMBER 1 Defendants.**

No. CIV.A. G–03–434.

United States District Court,
S.D. Texas,
Galveston Division.

June 9, 2004.

---

George D. Martin, Martin Garza et al., Galveston, TX, for George D. Malenfant, Plaintiff.

James T. Brown, Legge Farrow Kimmitt and McGrath, Robert D. Tracy, Legge Farrow et al., Houston, TX, for Beatty Street Properties, Inc., M/V Houston Pilot Boat Number 1, Defendants.

### ORDER GRANTING DEFENDANT MERCK & CO., INC'S MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

On August 16, 2000, Plaintiff George Malefant ("Plaintiff") sustained injuries aboard the M/V HOUSTON PILOT BOAT NO. 1 while it was docked in the Port of Galveston. Plaintiff was headed to the galley from the wheelhouse for a cup of coffee when he allegedly slipped on a worn step. Plaintiff now brings this action against the vessel and its owner to recover for his injuries which he claims rendered him totally disabled. Defendants have moved for Summary Judgment. For the reasons articulated below, Defendants' Motion for Summary Judgment is **GRANTED**, and all of Plaintiff's claims are **DISMISSED WITH PREJUDICE.**[1]

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When one party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of

---

1. Defendants argue, in the alternative, that they are entitled to a limitation of liability. Given the resolution of Defendants' Motion for Summary Judgment, that argument is moot, and the Court does not reach it.

material fact are "genuine" only if they require resolution by a trier of fact. *See id.* at 248, 106 S.Ct. at 2510. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; rather, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See id.* at 247–48, 106 S.Ct. at 2510. Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the non-moving party, summary judgment should not be granted. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.

Defendants argue that the primary duty doctrine precludes Plaintiff's recovery in this case. The doctrine, developed by the Second Circuit in *Walker v. Lykes Bros. S.S. Co.*, 193 F.2d 772 (2d Cir.1952), requires a bar to recovery when the only cause of a ship officer's injury is the breach of a duty he owed his employer. Alternatively, Defendants argue that since the sole proximate cause of Plaintiff's injury was his own negligence, he is not allowed to recover for his damages. The Fifth Circuit has held that a Jones Act Seaman is obligated to act with ordinary prudence under the circumstances. *Gautreaux v. Scurlock Marine Inc.*, 107 F.3d 331, 339 (5th Cir.1997). This standard of care is the same one required by common law, and a seaman who is injured entirely by his own negligence cannot recover under the Act. *Id.See also, Keel v. Greenville Mid–Stream Inc.*, 321 F.2d 903 (5th Cir. 1963); *McClendon v. OMI Offshore Marine Service*, 807 F.Supp. 1266 (E.D.Tex. 1992). It is pursuant to this rule of law that the Court decides the instant Motion.

In this case, Defendants maintain that the sole cause of Plaintiff's injury was the absence of a non-skid strip on the top step of the staircase leading down to the galley. Additionally, they argue that it was Plaintiff's duty to maintain the steps and make sure they were safe and that by failing to do so, he did not act with ordinary prudence. Plaintiff argues that the vessel was unseaworthy because (1) the staircase was too steep, (2) there were insufficient handrails, and (3) there was no non-skid on the first step. He claims that the ship owner's negligence in allowing these conditions to exist contributed to his injuries.

Plaintiff alleges that the staircase he fell on was too steep according to OSHA guidelines. In addition to arguing that the OSHA guidelines do not even apply to this vessel, Defendants maintain that the slope of the staircase was not a contributing factor to Plaintiff's injury. The Summary Judgment evidence shows that Plaintiff slipped on the first step of the staircase causing the Court to question how the slope of the staircase could have possibly caused the injury. Plaintiff does not help solve this mystery. Although he asserts that the stairs were too steep, he does not offer any explanation or evidence linking the slope of the stairway to the injury. In fact, Plaintiff's deposition testimony does not even mention the slope of the stairs as the cause of his fall. Additionally, Plaintiff worked on this vessel for eighteen years and never complained about the staircase. The record provides absolutely no support for finding that the slope of the staircase, whether in compliance with applicable regulations or not, was a contributing factor to Plaintiff's injury.

Plaintiff also makes much of another alleged OSHA violation, the positioning of

the handrails. He argues that there was no handrail on the starboard bulkhead descending from the wheelhouse opening to the galley.[2] As above, there is no indication that any problems with the handrails caused Plaintiff's injury, even if such problems did exist. Neither Plaintiff nor any other member of the crew ever complained about the existing handrails. Plaintiff's deposition testimony indicates that the could have prevented his fall by grabbing one of the existing handrails. He just missed it. Once again, even the Plaintiff does not offer a causal connection between the handrails and his fall. The Court finds that there is no evidence that the handrails contributed whatsoever to Plaintiff's injury.

The evidence presented to the Court conclusively proves that the sole proximate cause of Plaintiff's injury was the lack of non-skid on the top step. In his deposition, Plaintiff admits that it was his job as Captain to identify problems and perform maintenance on the boat. According to Plaintiff himself, the lack of non-skid on the step was an "oversight" on his part. It was this oversight that was the sole proximate cause of Plaintiff's injury. Since Plaintiff's own negligence was the cause of his injury, he cannot recover against Defendants, and there are no genuine issues of material fact.

For the reasons expressed above, the Court **GRANTS** Defendants' Motion for Summary Judgment. Accordingly, Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**. A Final Judgment reflecting this dismissal will be issued concurrently with this Order. The Parties are to bear their own taxable costs,

expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

---

2. Defendants offer evidence questioning whether this is even true. They maintain that there was a handrail on the bulkhead. The Court need not determine which is actually true since it is irrelevant to the disposition of this Motion.